**Harold K. BARON Individually and Harold K. Baron, suing on behalf of himself and all other persons similarly situated who are holders of Bellevue Bridge Commission, Nebraska, Bridge Revenue Bonds, Plaintiffs,**

**v.**

**Paul V. SHIELDS, Cornelius Shields, Eugene P. Barry, Vladimir N. Bashkiroff, Herbert H. Childs, Robert T. Veit, Macral Sykes, Bernard F. Toole, Theodore Lyman Crockett, et al., doing business as co-partners under the firm name and style of Shields & Co., Bellevue Bridge Commission (Nebraska), L. L. Lawrence, Raymond N. Jungers, Harold C. Ludwig and Samuel Cohen, Defendants.**

United States District Court
S. D. New York.
April 15, 1954.

1. See Judge Dimock's decision in the related case of Baron v. Shields, D.C., 131 F.Supp. 370.

· Jacobus, Baron & Rose, New York City, for plaintiff.

Cahill, Gordon, Zachary & Reindel, New York City, for defendants. Paul V. Shields and others, doing business as co-partners under the firm name and style of Shields & Co.

Horace E. Pascal, New York City, for defendants L. L. Lawrence, Raymond N. Jungers, Harold C. Ludwig and Bellevue Bridge Commission (Nebraska).·

DIMOCK, District Judge.

Defendants, L. L. Lawrence, Raymond N. Jungers, Harold C. Ludwig and Bellevue Bridge Commission (Nebraska), move to dismiss the complaint on the ground that it does not state a claim against them upon which relief can be granted and move to set aside the service of the summons on them on the ground that it was served in Nebraska rather than within the Southern District of New York. The action is one brought by the purchaser of bonds of the Bellevue Bridge Commission against defendants, consisting of the members of a securities firm which sold the bonds to him, the salesmen for that firm and the moving defendants who, besides the Commission, are, respectively, the chairman and remaining two members of the Commission. The action alleges false and fraudulent representations with respect to the bonds.

So far as the moving defendants are concerned, the complaint alleges that the securities firm prepared a printed brochure to induce the public to purchase Bellevue Bridge bonds entitled, "Official Statement of the Bellevue Bridge Commission (Nebraska) Relating to Its Bridge Revenue Bonds", and purported to be signed at the end by the chairman of the Commission. There are other allegations in the complaint which, very liberally construed, can be read to charge that the moving defendants made representations in the "Official Statement" which were false and known to them to be false and upon the truth of which plaintiff relied in purchasing the bonds. The complaint further alleges that the securities firm used United·States mails in effectuating the sale and that the sale took place in the City of New York. From the allegations which are construed as meaning that the moving defendants made the representations to the plaintiff through the brochure, I feel that I can go farther and find that the complaint, as a whole, alleges that the defendants made the representations in the City of New York where the sale was made.

Plaintiff urges that he has stated a claim under several of the provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. I conclude that he has stated such a claim within section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). That section reads:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

* * * * * *

"(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Pursuant to this section, the Securities and Exchange Commission has prescribed rule X–10 B–5, which reads as follows:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

"(1) To employ any device, scheme, or artifice to defraud.

"(2) To make any untrue statement of a material fact or to omit to state a material· fact necessary

in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(3) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b–5.

Section 10(b), implemented by the above-quoted rule, makes unlawful the acts with which moving defendants are charged in the complaint and plaintiff, as one injured by these unlawful acts, has, under his allegations, a valid claim against them.

 The fact that the Bellevue Bridge Commission (Nebraska),—the issuer of the security, may well come within the class of a political subdivision of the state or a public instrumentality of the state and that the bonds would then qualify as exempted securities under section 3 of the Securities Act of 1933, 15 U.S.C. § 77c, is insignificant. As I have just stated, plaintiff has brought himself within section 10(b) of the Securities Exchange Act of 1934 and that section deals with sales of "any security". The fact that plaintiff states a claim under the Securities Exchange Act of 1934 is determinative of his right to serve the moving defendants in Nebraska. Section 27 of that Act, 15 U.S.C. § 78aa, provides that the District Courts of the United States shall have exclusive jurisdiction of violations of the Act or the rules or regulations thereunder and of all suits brought to enforce any liability created thereby and that any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. The section continues, "Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, * * * may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."

The violation is alleged to have occurred within the Southern District of New York so that the case is properly brought here. Having been properly brought here under the Securities Exchange Act, process may be served upon the defendant wherever he may be found.

Motion is denied.