**Louis L. ROGERS, Plaintiff,**

**v.**

**Harold L. VALENTINE et al., Defendants.**

United States District Court
S. D. New York.

Dec. 18, 1964.

232

Louis Kipnis, New York City, for plaintiff.

Beekman & Bogue, New York City, for defendant.

CANNELLA, District Judge.

Motion by the defendant Joseph A. Aylward, for summary judgment on the first count of the complaint pursuant Rule 56 of the Federal Rules of Civil Procedure and for dismissal of the second count of the complaint pursuant Rule 12(b) of the Federal Rules of Civil Procedure. The defendant's motion for summary judgment is granted; the motion to dismiss is denied. Cross motion by the plaintiff for summary judgment pursuant Rule 56, is denied.

The complaint contains two counts. The first alleges a violation by the defendant of Section 16(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78p(b)). The parties agree that the defendant purchased, in July 1960 and October 1961, 8,203 shares of the Virginia Iron Coal & Coke Company and reported the sale (in a belated attempt to comply with Section 16(a)) on May 29, 1963. It is also a matter of record that on November 18, 1963, the defendant Aylward sold a total of 63,443 shares of Virginia stock to Bates Manufacturing Company.

The second count of the complaint is based on the doctrine of pendent jurisdiction, alleges that the defendant, along with other insiders, turned over control of Virginia Iron Coal & Coke Company to Bates Manufacturing Company for a private, $2.00 per share premium. It also alleged that the defendants were minority shareholders. The plaintiff seeks damages derivatively for alleged breaches of fiduciary obligations.

Where the pleadings and affidavits in a case such as this affirmatively show that there is no genuine issue as to any material fact, summary judgment is appropriate under Rule 56. International Salt Co., Inc. v. United States, 332 U.S. 392, 68 S.Ct. 12, 92 L.Ed. 20 (1947); United States v. Various Articles of Drugs Consisting of Unknown Quantities of Prescription Drugs, 3 Cir., 314 F.2d 850, 852 (1963). The determination on a motion for summary judgment requires a search for genuine issues involving material facts and if any are found, the motion must be denied. No genuine triable issues of material facts are present in the case at bar.

The parties are in agreement as to all the material facts comprising the first count of the complaint. This allegation, under Section 16(b) of the Securities Exchange Act of 1934, permits recovery on behalf of the issuer for any profit obtained by an "insider" by any sale and purchase or purchase and sale within a period of six months. In the instant case, it is agreed that the defendant purchased certain shares of stock in Virginia as late as October 1961 and sold his holdings in the company on November 18, 1963. It is also clear that the defendant did not file a statement of purchase pursuant to Section 16(a) within the time period prescribed by the statute. Of course, merely because both parties have moved for summary judgment, the court is not precluded from conducting its issue finding search. Mosbacher v. Basler Lebens Versicherungs Gesellschaft, 111 F.Supp. 551 (S.D.N.Y. 1951); see Colby v. Klune, 178 F.2d 872 (2d Cir. 1950). However, from the pleadings and affidavits before it, this court can find no material issues of fact present in relation to the first count.

While this court is aware that Section 16(b) is broadly remedial and

has consistently been given a liberal interpretation by the courts (Ellerin v. Massachusetts Mutual Life Insurance Co., 270 F.2d 259 (2d Cir. 1959)), the statute may not be extended beyond the specific limitations Congress has imposed. Ellerin v. Massachusetts Mutual Life Insurance Co., supra; see Smolowe v. Delendo Corporation, 136 F.2d 231 (2d Cir. 1943). The plaintiff would have this court hold that the defendant's failure to timely file notice of his purchase of Virginia stock brings him within the scope of Section 16(b). The statute is clear on its face and the sale and purchase or purchase and sale must have occurred inside a six month period. Plaintiff makes an analogy to certain cases holding that the statute of limitations is tolled should a defendant fraudulently conceal the transaction giving rise to liability under § 16(b). But in those cases, it was clear that the defendant was included in the clear reading of the statute, i. e., he made a sale and purchase or purchase and sale within a period of six months. In the case at bar, it is obvious that the narrowest time period available to the plaintiff is over two years. It is clear to the court that the defendant's acts were not such to bring him within the purview of § 16 (b).

The second count of the plaintiff's complaint in its relation to this defendant is based on pendent jurisdiction, but dismissal under Rule 12(b) does not lie. Pendent jurisdiction arises when a plaintiff has joined multiple claims, one of which raises a federal question. The other claim or claims generally lack any independent jurisdictional grounds. But where, as here, the claims are based on a similar set of operative facts, this court has jurisdiction of the entire case. See Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); 1 Barron & Holtzoff, Federal Practice and Procedure § 23 at 97–98. To retain pendent federal jurisdiction in a case such as this, it is not necessary that the federal claim be adjudged valid on the merits. See Rum-

baugh v. Winifrede Railroad Company, 4 Cir., 331 F.2d 530 (1964). Thus although this court has granted summary judgment for the defendant on the federal claim, this court will retain jurisdiction over the non-federal claim.

So ordered.