**Shirley WEBER, Lena Lermsider, Ira Schrager, Seymour Zaldin and Harriet Zaldin, Plaintiffs,**

**v.**

**C.M.P. CORPORATION, Fred M. Stewart, Joseph J. Flannery, James B. Staley, Joseph E. Sheehan, Myron A. Lomasney and Myron A. Lomasney & Co., Defendants.**

United States District Court
S. D. New York.

June 2, 1965.

Poletti, Freidin, Prashker, Feldman & Gartner, New York City, for plaintiffs. Lawrence H. Reilly, Paul R. Frank, New York City, of counsel.

Leonard E. Russack, New York City, Stephen L. Bernstein, New York City, of counsel, for defendants C. M. P. Corp., Joseph J. Flannery and James B. Staley.

WYATT, District Judge.

This is a motion by defendants C. M. P. Corporation (CMP), Flannery and Staley for orders granting the following relief:

(1) dismissing the first, second and third counts (styled in the complaint and in the motion as "causes of action") for failure to state a claim upon which relief can be granted (Fed. R.Civ.P. 12(b) (6));

(2) dismissing the third, fourth and sixth counts for lack of jurisdiction over the subject matter (Fed.R.Civ.P. 12(b) (1)); and

(3) dismissing the third and fourth counts as "redundant".

The action is by purchasers on or about March 14, 1962 of capital stock of CMP. The action was commenced on April 24, 1964.

### First Count

This avers that two of the defendants sold capital stock of CMP to plaintiffs, that all defendants (except Myron A. Lomasney & Co.) made specific untrue statements of material facts, that all defendants (except Myron A. Lomasney & Co.) omitted to state specific material facts, that plaintiffs relied on the untrue statements, and that all defendants (except Myron A. Lomasney & Co.) in such manner violated Section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q (a); the "1933 Act"). Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b); the "1934 Act") and Rule 10b–5 of the Rules and Regulations of the Securities and Exchange Commission (17 CFR 240.10b–5). It will be noted that there is no averment that defendants had any knowledge of the falsity of their statements. So far as the claim is concerned, defendants may have made innocently or negligently untrue statements. The claim is not based on *fraud*.

Sections 11 and 12 of the 1933 Act (15 U.S.C. §§ 77k and 77*l*) specifically provide for civil liabilities for untrue statements or misleading omissions. These liabilities are subject to a one year statute of limitations (15 U.S.C. § 77m). Thus these sections could not have been invoked by plaintiffs at the time the case at bar was commenced.

May a civil suit be maintained by a buyer of securities as a private remedy under Section 17(a) of the 1933 Act and under Rule 10b–5 promulgated under the 1934 Act?

There are persuasive reasons for a negative answer. In the 1933 Act, Congress specifically provided for civil liability in Sections 11 and 12 (15 U.S.C. §§ 77k and 77l) and in so doing imposed certain specific rules: (a) the one year statute of limitations, (b) the discretion in the Court to require a bond of plaintiffs, and (c) the placing on defendants of the burden of proof that they reasonably believed their statements to have been true, etc. To imply a civil liability under Section 17(a) which would be free of these restrictions seems illogical. See Loss, Securities Regulation (2d ed.) 1784–1787. As for the 1934 Act and Rule 10b–5, the same reasoning is applicable because the two acts are closely related and there seems no reason why the buyer of securities given a private remedy, with restrictions, in Sections 11 and 12 of the 1933 Act should be given an additional remedy without restrictions under Rule 10b–5. This reasoning was early adopted in Rosenberg v. Globe Aircraft Corp., 80 F.Supp. 123 (E.D.Pa.1948) where the court said (at 124):

"It cannot be supposed that Congress intended to abolish these regulations and limitations when it enacted Sec. 10 of the Act of 1934. By any reasonable rule of statutory interpretation, it would require either an express repeal or an implication of repeal so strong as to be inescapable. The two Acts are unquestionably in pari materia and must be construed together to make a consistent whole. Looking at them as one statute it is simply not possible that Congress, having prescribed in elaborate detail procedural requirements which must be fulfilled in order to enforce civil liability attaching to a carefully defined type of violation, would have casually nullified them all in a later section."

See also Montague v. Electronic Corp. of America, 76 F.Supp. 933 (S.D.N.Y. 1948). Professor Loss agrees with this reasoning. Loss, above cited, at 1787.

But then came Fischman v. Raytheon Mfg. Co., 188 F.2d 783 (2d Cir. 1951). Our Court of Appeals there held that a civil liability to a buyer of securities could be implied under Rule 10b–5 if *fraud* (meaning, knowledge of the falsity of the alleged untrue statements) was alleged and proved. In other words, the liability was not the *same* as that under Sections 11 and 12 of the 1933 Act; it was different because the additional ingredient of fraud was required as a part of the case for a plaintiff. The court stated (188 F.2d at 786–787; emphasis supplied):

"A suit under § 11 of the 1933 Act requires no proof of fraud or deceit, and such a suit may be maintained only by one who comes within a narrow class of persons i. e. those who purchase securities that are the direct subject of the prospectus and registration statement (here the purchasers of preferred stock). But proof of fraud is required in suits under § 10(b) of the 1934 Act and Rule X–10 B–5, which was validly promulgated by the S.E.C. pursuant to that section. Congress reasonably, and without inconsistency, allowed suits of that sort which (1) are free of the restrictions applicable to a suit under § 11 of the 1933 Act and (2) which are not confined to those persons who may properly sue under that section but which include all who are the victims of the fraud. We think that when, to conduct actionable under § 11 of the 1933 Act, *there is added the ingredient of fraud,* then that conduct becomes actionable under § 10(b) of the 1934 Act and the Rule, at the suit of any defrauded person, whether or not he could maintain a suit under § 11 of the 1933 Act."

And at the same time the court said (by way of dictum) that there was an implied civil liability under Section 17 of the 1933 Act, again with the necessary proviso that real fraud (scienter) be present. (188 F.2d at 787 n. 2):

"We note in passing that a suit under § 17 of the 1933 Act—a suit

which must rest on fraudulent conduct—seems also to be free of the restrictions imposed on a Section 11 suit. If so, then a complaint may couple a Section 11 cause of action, subject to those restrictions, with a Section 17 cause of action, free of them—provided the Section 17 cause of action adds adequate allegations of fraud to the allegations made in the Section 11 cause of action."

It must be emphasized that the reasoning of the Second Circuit requires the presence of scienter in some form—something more than mere misstatements which might be innocent or negligent. If innocent or negligent misstatements were actionable under Section 17(a) of the 1933 Act or Section 10(b) of the 1934 Act (and Rule 10b–5), then such a remedy would be simply duplicative of that provided by Sections 11 and 12 of the 1933 Act and would nullify the restrictions made applicable by Congress to those sections. Judge Irving Kaufman made this clear in Thiele v. Shields, 131 F.Supp. 416, 419 (S.D.N.Y.1955):

"All that a plaintiff-purchaser need prove under Section 12(2) is that a statement in a prospectus or oral communication is *in fact* false or is a misleading omission, and that he did not know of such untruth or omission. The section expressly provides that the defendant must 'sustain the burden of proof that he did not know, *and in the exercise of reasonable care could not have known,* of such untruth or omission'. (Italics supplied.) On the other hand, Sections 17(a) and 10(b) (Rule X–10 B–5) do not, on their face, purport to apply to a negligent misrepresentation nor, without an express provision as under 12(2), should they be construed to shift the burden of proving intention, knowledge, or negligence (if applicable) to the defendant. \* \* \* Therefore even assuming plaintiff's allegations are based *solely* on a 'prospectus or oral communication' within the municipal bond exemp-

tion to the stringent liability imposed by Section 12(2), a claim under Sections 17(a) and 10(b) would still be sustainable if knowing or intentional misrepresentation with regard to municipal bonds were alleged (and proven) by the plaintiff."

In other actions in this Court in which a private remedy under Rule 10b–5 was sustained, there were averments that the false statements were known to defendants to be false. Baron v. Shields, 131 F.Supp. 370 (S.D.N.Y.1954); Greenwich Savings Bank v. Shields, 131 F.Supp. 368 (S.D.N.Y.1955).

Professor Loss believes that some element of scienter, even if "watered-down", must be required for a private remedy under Rule 10b–5 or that Rule would be in excess of the powers of the Commission. Loss, above cited, at 1766.

Ellis v. Carter, 291 F.2d 270 (9th Cir. 1961), without citing Fischman on this point, reaches a contrary result.

Judge McLean has recently followed Ellis v. Carter and ruled that in a private action under Section 17(a) of the 1933 Act there need be no averment of scienter. Dack v. Shanman, 227 F.Supp. 26 (S.D.N.Y.1964).

Since Fischman has been neither overruled nor disapproved by our Court of Appeals, I do not feel that I am at liberty to follow Ellis v. Carter. O'Neill v. Maytag, 339 F.2d 764 (2d Cir. 1964) and List v. Fashion Park, Inc., 340 F.2d 457 (2d Cir. 1965) do not cite Fischman and do not seem to affect its validity. For example, O'Neill dealt with breach of a fiduciary obligation. The court said (339 F.2d at 767–768):

"At least where the duty allegedly breached is only the general duty existing among corporate officers, directors and shareholders, no cause of action is stated under Rule 10b–5 unless there is an allegation of facts amounting to deception."

Later, with reference to "deception", the court said that it "need not be deception in any restricted common law

sense" but that "there must be allegation of facts amounting to deception in one form or another" (339 F.2d at 768). The emphasis on the word "deception" seems to indicate a view that innocent or negligent misrepresentations would not give rise to a cause of action under Rule 10b–5; "deception" has a meaning similar to "cheating" or "hoodwinking" (Webster's Third New International Dictionary, p. 585).

But were I free to do so, I would not follow Ellis v. Carter which, with great deference, seems to me (on the specific point under discussion) to be in error. The 1933 and 1934 Acts are closely related, were adopted close together in point of time, and were part of the same legislative program. The first Act dealt primarily with the distribution of securities; the second Act dealt primarily with securities transactions after initial distribution had been made. To give a private remedy under Rule 10b–5 and Section 17(a) is simply to duplicate (without their restrictions) the express liabilities created by Sections 11 and 12 of the 1933 Act *unless* the remedy under Section 17(a) and Rule 10b–5 be made different. The Fischman decision at least recognized this aspect and did something about it. The Fischman decision says that if you rely solely on innocent or negligent misstatements, your sole remedy is under Sections 11 and 12 of the 1933 Act with the short statute of limitations and other procedures laid down by Congress. If you wish to avoid those limiting procedures, you must allege and prove real fraud, that is, scienter. Such an analysis seems far more reasonable to me than the broad generality of Ellis v. Carter.

Since there is no averment of scienter in the first count, it fails to state a claim upon which relief can be granted.

### Second Count

■ This count is directed against defendants Flannery (a movant), Shoehan, Lomasney and Myron A. Lomasney & Co. It is substantially the same as the first count and for the same reason fails to state a claim upon which relief can be granted.

### Third Count

■■ This count is based on the common law rather than a federal statute. It charges that all defendants conspired to sell stock of CMP and pursuant thereto did sell such stock to plaintiffs by means of the untrue statements, etc. specified in paragraphs 7, 8, 13 and 14 of the complaint.

There is no averment that defendants intended to deceive or that they knew the statements made to be untrue.

At common law, confirmed by Derry v. Peek (1889) 14 A.C. 337, intentional misrepresentation is an essential ingredient of a claim based on false statements. Prosser on Torts (2d ed.) 536–40.

This count thus fails to state a claim upon which relief can be granted.

### The Fourth and Sixth Counts

The Fourth Count seems to aver all the elements of a common law cause of action for deceit, including scienter. It appears to be sufficient.

■ The suggestion that the Fourth Count should be dismissed as "redundant" is without merit. There is no reason why plaintiffs should not join a common law claim with their claims under federal statutes.

■ The objection that the Court lacks jurisdiction of the subject matter of the Fourth and Sixth Counts is without merit.

The Fifth Count sets forth a claim arising under laws of the United States and is thus within the jurisdiction of this Court. 15 U.S.C. §§ 77v(a), 78aa. There is no motion directed to this count.

Having jurisdiction of the Fifth Count, this Court also has jurisdiction (under the principle of "pendent jurisdiction") of the nonfederal Fourth and Sixth Counts. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); Wright, Federal Courts, § 19.

The motion is granted to the extent that the First, Second and Third Counts

of the complaint are dismissed for failure to state a claim upon which relief can be granted, with leave to plaintiffs to serve an amended complaint, if they be so advised, on or before June 11, 1965. The motion is otherwise denied.

So ordered.