HOWARD

v.

LEVINE et al.

No. 65 Civ. 2148.

United States District Court
S. D. New York.

Nov. 24, 1965.

644

Lawrence Milberg, New York City, for plaintiff.

Battle, Fowler, Stokes & Kheel, New York City, for defendant Walter V. Tyminski.

Mendes & Mount, New York City, for defendants Lybrand, Ross Bros. & Montgomery, a partnership.

Kostelanetz & Ritholz, New York City, for defendant Belock Instrument Corp.

Cahill, Gordon, Reindel & Ohl, New York City, for defendants Stanley R. Grant, Carl M. Loeb, Rhoades & Co., a partnership.

COOPER, District Judge.

These are motions to dismiss a complaint under Rule 12(b) (6), F.R.Civ.P. for failure to state a claim upon which relief can be granted.

The complaint is apparently predicated on Section 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j(b) and Rule 10B–5, 17 C.F.R. 240. 10b–5, the jurisdiction of the Court being invoked under 15 U.S.C. § 78aa.[1] In essence, the complaint alleges that Loeb, Rhoades & Co., Belock Instrument and the individual defendants have caused to be circulated and disseminated to the public-at-large financial statements which were gross overstatements because they failed to reflect improper distribution of costs and overcharges in certain government

---

1. In oral argument and their briefs, the parties do not rely upon the Securities Act of 1933, as amended. 15 U.S.C. § 77a et seq., (see ¶ 1 of the complaint). As we see it, consideration of that Act does not alter the conclusion here reached.

contracts; this dissemination served to raise the market price of Belock Instrument, and the defendants "benefited therefrom."

Rule 10B–5 requires that the alleged fraud or deceit be "in connection with the purchase or sale of any security." As the Court said in Birnbaum v. Newport Steel Corp., 193 F.2d 461, 464 (2d Cir. 1952), "that section [10b] was directed solely at that type of misrepresentation or fraudulent practice usually associated with the sale or purchase of securities rather than at fraudulent mismanagement of corporate affairs * *." O'Neill v. Maytag, 339 F.2d 764, 768 (2d Cir. 1964).

The instant complaint is fatally defective for the allegations here do not show the gravamen of defendants' activities to be any wise "in connection with the purchase or sale of any security" as those words have been construed in their statutory setting. Whatever fraud is alleged here (it is in bare skeletal form) is directed against the government, notwithstanding its possible incidental market impact. Furthermore, defendants or persons associated with them did not participate in the security transactions involved. Joseph v. Farnsworth Radio & Television Corp., 99 F. Supp. 701 (S.D.N.Y.1951), aff'd per curiam, 198 F.2d 883 (2d Cir. 1952). Cf. Fischman v. Raytheon Mfg. Co., 188 F.2d 783 (2d Cir. 1951); H. L. Green Co., Inc. v. Childree, 185 F.Supp. 95 (S.D. N.Y.1960). In addition, the allegations of fraud are legally insufficient even under a liberal construction of the pleadings afforded to plaintiffs on a motion to dismiss.[2] O'Neill v. Maytag, 230 F.Supp. 235, 239 (S.D.N.Y.) aff'd, 339 F.2d 764 (2d Cir. 1964); Weber v. C. M. P. Corp., 242 F.Supp. 321 (S.D.N.Y.1965). Finally, there being no diversity jurisdiction alleged, any causes of action recognized under state law as set forth in the complaint should also be dismissed. Ruckle

v. Roto American Corp., 339 F.2d 24, 27 (2d Cir. 1964).

Accordingly, the motions to dismiss are granted. We see no basis for permission to replead.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.

---

2. In view of this analysis, the policy arguments and views advanced by plaintiffs at pages 8–9 and 19–20 of their Memorandum filed in Court on November 3, 1965 cannot provide a basis for sustaining their complaint.