John L. GANN et al., Plaintiffs,

v.

BERNZOMATIC CORPORATION, Sidney J. Reich, Joel Reich, Helene Reich, Gordon Hoit, Lester G. Wilterdink, Herman Schwartz, William A. Centner, and Jacob Ark, Defendants.

No. 65 Civ. 3905.

United States District Court
S. D. New York.

July 15, 1966.

---

Milton Pollack, New York City, for plaintiffs; Samuel N. Greenspoon, New York City, of counsel.

Townsend & Lewis, New York City, for defendants, other than Herman Schwartz; Eliot H. Lumbard, Michael A. Berch, New York City, of counsel.

### OPINION

McLEAN, District Judge.

This is an action by 171 plaintiffs to recover damages which they allegedly suffered through the purchase of common stock of defendant BernzOmatic Corporation ("BernzOmatic"). The action purports to be based both upon the Securities Exchange Act of 1934, Sections 10(b), 18(a) and Rule 10b–5 thereunder, and upon common law principles of fraud and deceit. Defendants move under Rule 12(b) (6) to dismiss the action for failure to state a claim. In the alternative, they move under Rules 12(e) and 12(f) for a more definite statement and to strike certain allegations from the complaint.[1]

The amended complaint begins with allegations which it says are "common to all claims under Securities Exchange Act of 1934 by all plaintiffs." These allegations may be summarized as follows:

Defendant BernzOmatic is a New York manufacturing corporation. The individual defendants are or were directors or executive officers of BernzOmatic. From July 1964 through December 1965, defendants made and distributed "by the use of various means and instrumentalities of interstate commerce and the mails untrue and misleading statements of material facts and concealed material facts concerning the common stock, assets, business, financial condition, operations and prospects of BernzOmatic." Defendants did this "with the intent and purpose and effect of inducing members of the public, including plaintiffs, to purchase and hold as investments shares of common stock of BernzOmatic." Defendants "made and caused or facilitated the sales" of BernzOmatic common stock and "supplied the same for sales to the plaintiffs" and "induced the purchases and holding of said common stock by the plaintiffs by means of false statements and misrepresentations of fact, on which plaintiffs relied." Defendants knew that such statements were false or had reasonable ground to believe that they were.

The amended complaint then alleges various specific misrepresentations made by defendants in July 1964, September 1964, December 1964, and April 1965, having to do with the prospective sales and earnings of BernzOmatic. It also charges that defendants concealed from plaintiffs various unfavorable facts relating to BernzOmatic, including the fact that it was incurring substantial losses. As a result of these false statements and omissions, the price of BernzOmatic common stock on the over-the-counter market

---

1. All defendants have joined in one notice of motion except defendant Schwartz, who has filed a separate motion on identical grounds.

was "artificially maintained and inflated."

During the period that defendants were issuing these false statements and concealing these material facts, defendants sold on the over-the-counter market substantial quantities of BernzOmatic common stock. Plaintiffs purchased and continued to hold the stock in reliance upon these false statements and did not discover their falsity until June 1965.

The amended complaint then sets forth a series of allegations which are said to be "common to all claims under the common law." It begins by repeating substantially all previous allegations, including the allegation that defendants knew or should have known of the falsity of the statements. It charges that defendants intended plaintiffs to be deceived by the false statements and issued them for the purpose of inducing plaintiffs to purchase the stock.

The amended complaint then sets forth 144 separate claims, one for each plaintiff or group of plaintiffs. Each claim is expressed in one paragraph, which realleges all previous allegations of the amended complaint and sets forth the date when each plaintiff (or group of plaintiffs) purchased BernzOmatic common stock, the price at which he purchased it, whether or not he still holds it, and if not, the date on which and the price at which he sold it.

Defendants assert that the amended complaint does not state a claim for relief under Section 10(b) of the Act (15 U.S.C. § 78j(b), and Rule 10b–5 thereunder (17 C.F.R. § 240.10b–5) because it does not charge deception "in connection with the purchase or sale of any security." The argument is that there is no allegation that any plaintiff purchased the particular shares of stock which defendants sold on the over-the-counter market, and hence there is no privity of contract between the parties.

The cases upon which defendants rely, in which complaints were held insufficient, are distinguishable. In Joseph v. Farnsworth Radio & Television Corp.,

99 F.Supp. 701 (S.D.N.Y.1951), aff'd per curiam, 198 F.2d 883 (2d Cir. 1952), defendants' sales on the open market took place during a period earlier than plaintiffs' purchases, hence plaintiffs could not have been the purchasers of the stock which defendants sold. Moreover, the complaint did not allege that plaintiffs relied in purchasing their stock upon defendants' misrepresentations. Judge Sugarman said that there must be "a semblance of privity" (99 F.Supp. at 706).

In Meisel v. North Jersey Trust Co., 218 F.Supp. 274 (S.D.N.Y.1963), the complaint did not charge that the moving defendant had made any misrepresentation which induced plaintiff to purchase stock from a third party.

In Heit v. Weitzen, 260 F.Supp. 598 (S.D.N.Y.1966), although the complaint alleged that defendants put out an annual report of the corporation which was false and misleading, and that plaintiffs relied upon this report in purchasing securities of the corporation in the open market, there was no allegation that defendants sold those securities or that they sold any other securities of the corporation.

Howard v. Levine, 262 F.Supp. 643 (S.D.N.Y.1965), involved the same corporation and the same factual situation as that in Heit v. Weitzen. Again, there was no allegation that defendants had sold any securities of the corporation.

To my mind the difference between the complaints in these other cases and the present amended complaint is significant. It requires a difference in result. Here, the amended complaint charges that defendants deliberately misrepresented facts in order to deceive members of the public, including plaintiffs, and in order to induce them to buy stock which defendants were engaged in selling. In other words, the charge in substance is that defendants, by false representations, unloaded their stock on the public, including plaintiffs. In my opinion, this sufficiently alleges deception in connection with the sale of a security within the meaning of Section 10(b) and

Rule 10b–5. The line may properly be drawn between this case and cases like *Heit* and *Howard* in which defendants never sold any stock.

It may be that some of the plaintiffs in the present case will be able to prove that the securities they purchased were the very same securities that some of the defendants sold. But even if they cannot prove this, I believe that they are entitled to recover if they can prove the allegations of their complaint.

A requirement of privity of contract in Section 10(b) cases has been criticized. See 3 Loss, Securities Regulation (2d ed. 1961) 1767, et seq.

Some courts have not insisted upon it. Cochran v. Channing Corp., 211 F.Supp. 239 (S.D.N.Y.1962). See Fischman v. Raytheon Mfg. Co., 188 F.2d 783 (2d Cir. 1951).

If a "semblance of privity" be necessary, I believe that it is found in the present complaint.

■ Defendants further say that in any event, the action must be dismissed against BernzOmatic itself because there is no allegation that it, as distinguished from its officers, sold any stock. I do not so read the amended complaint. It charges throughout that "the defendants" performed the acts complained of. Whatever the proof may be, this is sufficient as a matter of pleading to charge BernzOmatic.

■ Section 18(a) of the Act (15 U.S.C. § 78r(a)) is another matter. This section relates to false statements in "any application, report, or document filed pursuant to this chapter or any rule or regulation thereunder." Although paragraph 1 of the amended complaint alleges that the action is brought under Section 18(a) as well as Section 10(b), I cannot find any allegation anywhere in the amended complaint that the false statements or omissions complained of occurred in any document filed pursuant to the Act. The reference in paragraph 1 to Section 18(a) is therefore inappropriate. Defendants' motion to strike this reference is therefore granted.

■ Defendants also move under Rule 12(e) for a more definite statement of the amended complaint. They argue that it appears from the face of the pleading that some plaintiffs could not have relied upon the misrepresentations alleged, or upon some of them, at any rate, because these plaintiffs either sold their stock within a few days after they bought it, or they bought it before some of the misrepresentations were made.

Defendants should be able to answer the amended complaint in its present form. Details of the claim of each plaintiff are readily obtainable by interrogatories or depositions. The clear trend of the recent decisions is to deny motions for a more definite statement unless the complaint is so excessively vague and ambiguous as to prejudice defendant seriously in attempting to answer it. MacDonald v. Astor, 21 F.R.D. 159 (S.D. N.Y.1957); Rosen v. Texas Company, 161 F.Supp. 55 (S.D.N.Y.1958); Acoustica Associates, Inc. v. Powertron Ultrasonics Corp., 28 F.R.D. 16 (E.D.N.Y. 1961). See Nagler v. Admiral Corporation, 248 F.2d 319 (2d Cir. 1957).

That is not the situation here.

■ The defendants' final motion is to strike two portions of the prayer for relief, the prayer for exemplary or punitive damages and the prayer for counsel fees. As to punitive damages, defendants point to Meisel v. North Jersey Trust Company, 216 F.Supp. 469 (S.D. N.Y.1963) which held that punitive damages may not be recovered in an action under the Securities Exchange Act of 1934. Assuming that to be true, defendants overlook the fact that the present amended complaint states a claim under state law for fraud and deceit, a claim of which this court has pendent jurisdiction. If plaintiffs establish their claim, they may be entitled to punitive damages under New York law. Walker v. Sheldon, 10 N.Y.2d 401, 223 N.Y.S.2d 488, 179 N.E.2d 497 (1961).

■ As far as counsel fees are concerned, I think that it would be premature to pass upon that question at this

stage. It should be left for determination by the trial court. Defendants are in no way prejudiced by the assertion of this claim in the prayer for relief.

Defendants' motions are denied in their entirety, except that the motion to strike "18(a)" from paragraph 1 of the amended complaint is granted.

So ordered.