**Hazel ROBBINS, a stockholder of Banner Industries, Inc., etc., Plaintiff,**

v.

**BANNER INDUSTRIES, INC., et al., Defendants.**

**No. 66 Civ. 2367.**

United States District Court
S. D. New York.

Dec. 21, 1966.

Stull & Stull, New York City, for plaintiff, Richard J. Stull, New York City, of counsel.

Lowenstein, Pitcher, Hotchkiss & Parr, New York City, for defendant Joseph Friedman, Robert S. Newman, New York City, of counsel.

## MEMORANDUM

COOPER, District Judge.

Pursuant to Rule 12(b), F.R.Civ.P., defendant Joseph Friedman moves to dismiss the complaint against him. Motion granted.

Plaintiff alleges representative and derivative claims arising under the Securities Exchange Act of 1934, 15 U.S.C. sec. 78a et seq. and state law. The only pertinent facts alleged in the complaint are: (1) the "defendant directors" issued stock to themselves "without fair consideration" (complaint para. 3); (2) the "defendant directors" breached their fiduciary obligation to the corporation in a real estate transaction and in other "non-arms length transactions with Banner for their own profit * * *." (complaint para. 6). Defendant Friedman is not alleged to be one of the "defendant directors." His only connection with these acts is as an "aider and abettor." (complaint para. 1).

■ We note at the outset that plaintiff's complaint casts aside the imperatives of essential pleading clearly stated in Rule 8, F.R.Civ.P. The complaint does not follow the requirements of notice pleading, the averment of a single set of facts while separately stating in separate counts the various legal theories upon which recovery is claimed. See Cooper v. North Jersey Trust Co., 250 F.Supp. 237, 241 (S.D.N.Y.1965). Despite the liberality of modern pleading practice, the complaint must still give the defendant and the court at least a fair idea of what the plaintiff complains. See 2 Moore, Federal Practice, para. 8.13, p. 1705.

Construing the complaint in the most liberal fashion and giving plaintiff every interpretive benefit, the complaint fails to state a cause of action under the Exchange Act. We reach this conclusion by applying to the complaint each of the sections of the Exchange Act allegedly violated.

### Section 7

■ The complaint demands damages pursuant to section 7 of the Exchange Act.[1] (complaint para. 17). The only

intimation in the complaint of any violation of this section is found in paragraph 8. This paragraph alleges that a proxy statement was in violation of Section 14, 15 U.S.C. sec. 78n, because it omitted the information that shares "were pledged to secure a loan that was previously arranged by one or more of the defendants in violation of Regulations T and U of the Federal Reserve Board * * *."[2] Paragraph 8 of the complaint requests relief under, and charges a violation of, section 14 of the Exchange Act. However, even if we regard this as alleging a substantive violation of section 7, plaintiff still has failed to state a cause of action.

The margin requirements are imposed only upon certain professionals. Plaintiff has not alleged that the loan involved a broker, dealer, or any other person to whom the margin requirements of section 7 and Regulations T and U apply.

■ Moreover, plaintiff has not shown herself to be a member of the class protected by section 7. The courts have developed a civil remedy for violation of section 7(c). See Smith v. Bear, 237 F.2d 79, 60 A.L.R.2d 1119 (2d Cir. 1956); Remar v. Clayton Securities Corp., 81 F.Supp. 1014 (D.Mass.1949); Reader v. Hirsch & Co., 197 F.Supp. 111 (S.D.N.Y. 1961). However, "[t]he principle of these decisions is that Section 7(c) was passed for the benefit of customers * * *." Meisel v. North Jersey Trust Co., 218 F.Supp. 274, 277 (S.D.N.Y. 1963). Plaintiff does not allege—nor do the facts permit our inferring—that either she or the corporation was the customer of a person bound by the margin requirements of section 7. Thus, assuming there was a transaction in which section 7 was violated, plaintiff, as a stranger to the transaction, has no cause of action. Meisel v. North Jersey Trust Co., supra, 218 F.Supp. at 277; cf. Bron-

---

1. 15 U.S.C. sec. 78g. Sections 7(a) and (b) establish the power of the Federal Reserve Board to set margin requirements. Section 7(c) makes it unlawful for any member of a national exchange, broker, or dealer to extend credit in violation of the margin requirements established.

2. Regulation T, 12 C.F.R. sec. 2204(c), and Regulation U, 12 C.F.R. 220.4(d), set the margin requirements.

ner v. Goldman, 361 F.2d 759 (1st Cir. 1966).

### Section 9(a) (4)

Plaintiff claims damages under this section of the Exchange Act.[3] It prohibits the use of a false or misleading statement in connection with the purchase or sale of a security registered upon a national exchange. The only sale of stock alleged in the complaint is the issuance of Banner's stock to the "defendant directors," allegedly without "fair consideration." (complaint, para. 3).

█ Plaintiff has not stated a cause of action under 9(a) (4). She has alleged no facts which could constitute a false or misleading statement. Moreover, this section requires that the misleading information be made by the purchaser to the seller or vice-versa. Elfenbein v. Yaeger, CCH 64–66 Fed.Sec.L.Rep. ¶ 91, 368 (S.D.N.Y.1964). Under the most liberal reading of the complaint, there is no allegation that defendant Friedman was either a purchaser or a seller of any securities. The alleged misrepresentations of the stock transaction to the shareholders of Banner does not state a cause of action under section 9(a) (4) because the misleading statements alleged were not made to a purchaser or seller. See Elfenbein v. Yaeger, supra.

### Section 10(b) and Rule 10b–5

█ Plaintiff's request for relief under this section [4] and Rule must be dismissed for failure to state a cause of action. There is liability under these provisions only if the alleged fraud or deceit is "in connection with the purchase or sale of [a] security." O'Neill v. Maytag, 339 F.2d 764, 768 (2d Cir. 1964); Howard v. Levine, 262 F.Supp. 643 (S.D. N.Y.1965); Heit v. Weitzen, 260 F.Supp. 598 (S.D.N.Y.1966). The only transaction involving the transfer of securities

alleged in the complaint is the "issuance" of stock to the directors without "fair consideration." (complaint para. 3).

However, it is clear that not every transaction involving securities, even if in violation of state law, states a cause of action under Rule 10b–5. Thus, our Court of Appeals has stated:

> [W]here the duty allegedly breached is only the general duty existing among corporate officers, directors and shareholders, *no cause of action is stated under Rule 10b–5 unless there is an allegation of facts amounting to deception.* O'Neill v. Maytag, 339 F.2d 764, 767–768 (2d Cir. 1964).
> (Emphasis supplied).

█ The complaint is thus defective as to defendant Friedman in that it nowhere alleges any fraud or deceit by him. See O'Neill v. Maytag, 230 F.Supp. 235, 239 (S.D.N.Y.), aff'd. 339 F.2d 764 (2d Cir. 1964); Howard v. Levine, supra; Weber v. C. N. P. Corp., 242 F.Supp. 321, 325 (S.D.N.Y.1965).

### Section 14(a)

Plaintiff alleges various omissions and misstatements in Banner's proxy statements, and charges that these constitute violations of this section of the Exchange Act.[5] (complaint para. 4–8). It is alleged that these violations of the proxy rules were caused by the defendant directors. Defendant Friedman's only connection with these alleged proxy violations is found in the allegation that "the remaining defendants" (which would include Friedman) "aided and abetted the acts and practices complained of." (complaint para. 1).

█ Section 14(a) imposes liability for the solicitation of proxies in violation of the Securities and Exchange Commission's Rules. There is no allegation that Friedman solicited any proxies. In fact,

---

3. 15 U.S.C. sec. 78i(e).

4. 15 U.S.C. sec. 78j. Section 10(b) and Rule 10b–5 prohibit the use of a manipulative or deceptive device in connection with the sale or purchase of a security.

5. 15 U.S.C. sec. 78n(a). This section provides: "It shall be unlawful for any person * * * to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security * * * in contravention of such rules and regulations as the Commission may prescribe * * *."

plaintiff's attorney has conceded that Friedman was not the author of the offending proxies. (Stull Affidavit, Oct. 3, 1966, para. 3). We thus cannot regard the complaint as either stating a violation of section 14(a) or adequately apprising Friedman of the acts for which he is being asked to account.

■ If we read the complaint as implying that Friedman was in some way part of a group soliciting proxies in contravention of the Commission's Rules, plaintiff has still failed to state a cause of action. Her attorney asserts that the proxies failed to reveal the defendants' (including Friedman) fraudulent activity, i. e. the various breaches of their fiduciary duties. We find nothing, and have been shown nothing, in the Exchange Act or the Regulations thereunder which requires such material be revealed in the proxy statements. See Regulation 14a–3; Schedule 14A; Mills v. Sarjem Corp., 133 F.Supp. 753 (D.N.J. 1955). Cf. Hoover v. Allen, 241 F.Supp. 213, 230 (S.D.N.Y.1965).

■ Even if these omissions are violations of section 14(a), plaintiff has still not made out a cause of action under this section. There is no insurer liability under section 14(a); the alleged violation of the proxy rules does not give rise to a cause of action under this section unless there is some causal connection between the violation and the injury. Barnett v. Anaconda Co., 238 F.Supp. 766, 770–774 (S.D.N.Y.1965). See Mills v. Sarjem Corp., supra; Lapchak v. Sisto, CCH, Fed.Sec.L.Rep. ¶ 90, 721 (S.D.N.Y. 1955).

■ The complaint as a whole fails to allege any damage that could result from the alleged proxy violations. Plaintiff claims that shareholders relied upon the proxy statements by selling their shares to defendants. (complaint para. 4). In Hoover v. Allen, 241 F.Supp. 213, 230–231 (S.D.N.Y.1965), Judge Herlands dismissed the exact claim presented here. He noted:

The only claimed injury is said to have resulted from the circumstances that statements in the proxies caused stock-

holders other than plaintiffs to sell stock. The fact that the piece of paper upon which the allegedly misleading statements appeared was a proxy statement is irrelevant to the damage claimed. * * *

In the absence of some allegations of infringement upon corporate suffrage rights or some corporate action taken as a result of such infringement, no cause of action under section 14(a) has been made out.

We are in accord. A proxy is neither a prospectus nor a registration statement. The sale or purchase of stock in reliance upon an allegedly misleading proxy does not state a cause of action under section 14(a).

■ Plaintiff also claims that the shareholders were induced by the proxies to "ratify" the fraudulent acts of the defendants. Again, we find no causal connection between the proxy and the damage asserted.

The cases which have provided a private remedy under this section were largely concerned with fraudulent proxies in the context of a merger. See, e. g., J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). As disclosed in the papers before us, we cannot regard the proxies involved such an integral part of the fraudulent scheme or abridging so deeply a right of corporate suffrage.

In Barnett v. Anaconda Co., supra, Judge Bryan held that there was no cause of action under section 14(a) where the transaction complained of could not have resulted from proxies. In that case the defendant had such a percentage of the outstanding shares as to be able to approve the transaction over the objection of all minority stockholders. Without ruling on whether there was a cause of action under state law for breach of fiduciary duty, it was there held that under these circumstances the proxy violation could not have had the required causal effect.

■ A similar situation appears here. The acts complained of are the

issuance of stock to the directors and their breach of fiduciary obligation. Whether we regard the law of New York or Missouri as controlling, actions such as those alleged could not be ratified by anything less than a unanimous vote of the shareholders, and could not be ratified at all without the full disclosure which plaintiff herself claims is lacking. See Pollitz v. Wabash Ry. Co., 207 N.Y. 113, 100 N.E. 721, (1912); Ford v. Ford Roofing Products Co., 285 S.W. 538 (Mo. App.1926); 3 Fletcher, Corporations, sec. 1104.

The alleged proxy violation thus has neither a causal connection with the damage claimed nor any pertinent connection with the rights of corporate suffrage. Accordingly, the complaint does not state a cause of action under section 14(a). See Barnett v. Anaconda Co., supra; Hoover v. Allen, supra.

### Section 16(a)

██ Plaintiff alleges that defendant Friedman has violated this section [6] of the Exchange Act and the Rules thereunder. We are of the opinion that there is no private action for damages under this section.[7]

Professor Loss states that "[t]he only sanctions for enforcing compliance with section 16(a) . . . are criminal prosecutions and mandatory injunctions."

2 Loss, Securities Regulation, p. 1040 (2d Ed. 1961). However, we find that in Kroese v. Crawford, 61–64 CCH Fed. Sec.L.Rep. ¶ 91, 262 (S.D.N.Y.1963), the court refused to dismiss for failure to state a cause of action a complaint which sought damages for a violation of section 16(a).

However, a year after this decision, in a suit for damages under section 16(b), Judge Cannella granted summary judgment for the defendant, despite the appearance in the record of a clear violation of section 16(a). See Rogers v. Valentine, 37 F.R.D. 231 (S.D.N.Y.1964).

The court in Kroese v. Crawford, supra, in finding a private remedy under section 16(a), relied upon the line of cases in which private remedies were judicially developed, despite the silence of the statute as to the right of private enforcement. See, e. g., J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964), finding a private remedy under section 14(a); Remar v. Clayton Securities Corp., 81 F.Supp. 1014 (D.Mass.1949), allowing a private cause of action under section 7(c).

We believe that this line of cases is distinguishable. In the *Borak* case, for example, the private remedy was developed so as to make more effective the Congressional purpose. See J. I. Case Co. v. Borak, supra, 377 U.S. at 433, 84

---

6. 15 U.S.C. sec. 78p(a). This section provides: "Every person who is directly or indirectly the beneficial owner of more than 10 per centum of any class of any equity security * * * which is registered on a national securities exchange, or who is a director or an officer of the issuer of such security, shall file, at the time of the registration of such security or within ten days after he becomes such beneficial owner, director, or officer, a statement with the exchange (and a duplicate original thereof with the Commission) of the amount of all equity securities of such issuer * * * and within ten days after the close of each calendar month thereafter, if there has been any change in such ownership during such month shall file * * *" with the Exchange and the Commission a statement indicating such changes in ownership as have occurred.

7. Paragraph 6 of the complaint alleges a violation of Rule 16a–1. Plaintiff's attorney asserts in his memorandum of law that paragraph 9 of the complaint charges Friedman with a violation of section 16(a). Nowhere does the complaint reveal what remedy is sought for this violation. From the tenor of the complaint we see only an interest in damages and no interest in a mandatory injunction. This belief is buttressed by the fact that Friedman is no longer a director (admitted by plaintiff's attorney in oral argument), and seemingly no longer under the reporting obligation of section 16(a). We observe no interest in past information that was unreported. In any event, our conclusion that no cause of action is pleaded against Friedman makes this point moot.

S.Ct. 1555. Section 16, however, has a "built in" private remedy.

Section 16 is directed at the control of unfair practices by corporate insiders. To effectuate this purpose section 16(a) requires an insider to file reports with the Commission stating the amounts of and changes in his equity ownership. The function of such reports is readily observable. Section 16(b) [8] provides for the recovery by the corporation of profits made by an "insider" on any purchase and sale of a security within six months.

The interrelationship of sections 16(a) and (b) was recognized in Grossman v. Young, 72 F.Supp. 375 (S.D.N.Y.1947). Judge Rifkind there held that an insider's failure to file the section 16(a) reports and his fraud in concealing his stock transactions had the effect of extending the short statute of limitations under section 16(b). In so holding, the court expressly recognized that "[s]ection 16 was the method selected by Congress to control and regulate activities by insiders. * * * [Section 16(b) was the] civil remedy designed to discourage the activities frowned upon." Grossman v. Young, supra, 72 F.Supp. at 378.

We thus find the statutory scheme to be complete and a civil remedy in damages for violation of section 16(a) unnecessary for the effectuation of the Congressional purpose.

Moreover, assuming *arguendo* a private remedy in damages available under section 16(a), the complaint nevertheless fails to state a cause of action, for it nowhere alleges that Friedman was a member of the class required to file reports pursuant to section 16(a).

## Section 16(b)

The complaint alleges a violation of this section [9] and demands the return of "short-swing" profits. (complaint para. 7, 17). Section 16(b) is applicable only to an insider, defined in section 16(a) as an officer, director or 10% beneficial owner. Plaintiff has not alleged that defendant is a member of this class. Nor does any portion of the complaint allege a purchase and sale, or sale and purchase, of a security within a period of less than six months.[10] Thus, the complaint does not allege the basic act prohibited by section 16(b); it fails to state a cause of action.

## Plaintiff's Claims Under State Law

Whether Friedman is a citizen of New York or Missouri, this Court does not have diversity jurisdiction. Plaintiff, a New York citizen, having brought suit against two defendants conceded to be citizens of New York, the complete diversity required by the rule of Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806) is lacking.

In the absence of diversity jurisdiction, this Court has jurisdiction over the claims arising under state law only under the principles of pendent jurisdiction. See Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Where, as here, the claims arising under federal law are dismissed by means of a preliminary motion for failure to state a cause of action, the court lacks pendent jurisdiction over the claims arising un-

---

8. 15 U.S.C. sec. 78p(b). This section provides: "For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer * * * within any period of less than six months * * * shall inure to and be recoverable by the issuer * * *. Suit to recover such profit may be instituted * * * by the owner of any security of the is- suer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request * * *."

9. 15 U.S.C. sec. 78p(b). See note 8, supra.

10. The complaint seems to deem the real estate transaction as being relevant to section 16(b). (See paragraph 17). The section is concerned only with short swing profits resulting from the sale and purchase of any equity *security*. The land transaction is of course irrelevant.

der state law. See O'Neill v. Maytag, 339 F.2d 764, 766 n. 3 (2d Cir. 1964); Ruckle v. Roto American Corp., 339 F.2d 24, 27 (2d Cir. 1964).

### Conclusion

Plaintiff's claims against defendant Friedman under the Exchange Act are dismissed for failure to state a cause of action. Her claims against him under state law are dismissed for lack of jurisdiction.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.