426 F.2d 1361
 Louis L. ROGERS, Plaintiff-Appellant,
v.
Harold L. VALENTINE, Richard Weininger, John I. Taeni, Joseph A. Aylward, Premier Investing Corporation, Gregory & Sons, Defendants-Appellees, and
Walter Fischer, Thomas J. Stevenson, Jr., William H. Mencher, Wallace L. Parr, Gerald N. Frank, William L. Bivona, Francis X. Carroll, Defendants, and
Virginia Iron, Coal and Coke Co., Defendant-Appellant.
 No. 656.
 Docket 34180.
 United States Court of Appeals, Second Circuit.
 Argued April 30, 1970.
 Decided May 25, 1970.
 
 Andrew E. Kuchinsky, New York City, for plaintiff-appellant Louis L. Rogers and defendant-appellant Virginia Iron, Coal and Coke Co.
 Gerald D. Fischer, New York City (Stroock & Stroock & Lavan, New York City, of counsel), for defendants-appellees Richard Weininger and Premier Investing Corp.
 Milton Weiss, New York City (Beekman & Bogue, New York City, of counsel), for defendants-appellees Harold L. Valentine and Joseph A. Aylward.
 James E. Tolan, New York City (Olwine, Connelly, Chase, O'Donnell & Wyler, New York City, of counsel), for defendants-appellees John I. Taeni and Gregory & Sons.
 Before HAYS, ANDERSON and FEINBERG, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from an order and judgment of the United States District Court for the Southern District of New York, entered August 20, 1969, declining to exercise pendent jurisdiction and, in consequence, dismissing appellant's complaint.
 
 I.
 
 2
 On November 18, 1963, appellees Valentine, Weininger and Gregory & Sons, acting for themselves and on behalf of other stockholders of Virginia Iron, Coal and Coke Company ("Virginia Iron"), executed a stock purchase agreement for the sale to Bates & Company of 400,000 shares of common stock of Virginia Iron, at $12.00 per share. These shares, representing approximately 29% of the outstanding shares of the company, constituted working control. On the closing date, December 12, 1963, appellees delivered 400,000 shares to Bates & Company, and as agreed defendants Valentine, Weininger, Taeni and Aylward resigned as directors of Virginia Iron.
 
 
 3
 On March 25, 1964, appellant instituted this derivative action against appellees on behalf of Virginia Iron and its stockholders. The complaint as originally filed stated two causes of action. The first alleged that appellees had violated Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) (1964); the second alleged that appellees had engaged in an unlawful sale of control for a $2.00 premium per share and that the defendant directors had breached their fiduciary duties in this regard.
 
 
 4
 Appellant expressly abandoned the cause of action predicated on Section 16(b) in the joint pre-trial memorandum and the joint pre-trial order filed by the parties on April 19, 1968. Thereafter, however, appellant made several attempts to amend his complaint to interject new causes of action based on other sections of the Securities Exchange Act of 1934. After a two day trial of the action, the district court, in a decision filed August 20, 1969, denied these requests, as well as a request to realign Virginia Iron as a party plaintiff, and, declining to exercise pendent jurisdiction over the remaining common law claim, dismissed the complaint without prejudice to renewal of the action in a proper state court. We affirm.
 
 II.
 
 5
 At the pre-trial conference in April, 1968, appellant attempted to introduce a new cause of action under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1964). The pre-trial examiner informed appellant's counsel that the proper manner in which to proceed was to move formally to amend the complaint. No such motion was made, and appellant's counsel assured appellees that he had no intention of pursuing the matter. However, on February 24, 1969, almost one year after the pretrial order had been signed, and little more than a month before trial commenced, appellant filed a supplemental pretrial memorandum attempting to interject a Section 10(b) cause of action. The district court treated appellant's request as a motion to amend the complaint pursuant to Rule 15(a), Fed. R. Civ. P., but reserved decision until after trial. In its decision, the district court denied appellant's request, finding that appellees would be substantially prejudiced if the amendment were allowed.
 
 
 6
 Appellant also advanced, by letter to the court after the conclusion of the two-day trial, yet another theory, asserting for the first time a cause of action under Section 16(c) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(c) (1964). The district court treated this request as a motion to amend the complaint to conform to the evidence pursuant to Rule 15(b), Fed. R. Civ. P. In disposing of this request, the court found not only that such amendment would prejudice appellees by denying them "fair opportunity to defend" against the new cause of action, but that appellant had failed to present any evidence which would bring appellees' activities within the proscriptions of Section 16(c).[1]
 
 
 7
 The district court properly focused on the issue of whether prejudice would result from granting appellant leave to amend his complaint. Under the circumstances of this case, including appellant's long delays and repeated representations as to the basis of his action, we believe the trial judge's denial of appellant's requests to amend was not an abuse of discretion. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Strauss v. Douglas Aircraft Co., 404 F.2d 1152, 1155 (2d Cir. 1968); Vine v. Beneficial Finance Co., 374 F.2d 627 (2d Cir.), cert. denied, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (1967); 3 Moore, Federal Practice ¶¶ 15.08[2] at p. 875, 15.08 [4] (2d ed. 1968).
 
 III.
 
 8
 In the letter submitted to the court after trial, appellant requested the realignment of nominal defendant Virginia Iron as a party plaintiff, so as to provide a basis for diversity jurisdiction. The district court denied this request. On the basis of the allegations of the complaint, which stated that the management of Virginia Iron had refused to institute suit on behalf of the corporation and that further demand would be futile, the court found that the corporation was antagonistic to the institution of suit and consequently could not be aligned as a party plaintiff. This ruling was clearly correct. See Smith v. Sperling, 354 U.S. 91, 97, 77 S.Ct. 1112, 1 L. Ed.2d 1205 (1957).
 
 IV.
 
 9
 Having denied appellant's various attempts to establish a basis for federal jurisdiction, the district court determined not to exercise pendent jurisdiction over the remaining non-federal claim and accordingly dismissed the complaint.
 
 
 10
 Whether to exercise pendent jurisdiction is a matter for the discretion of the district court. The trial judge acted well within that discretion in dismissing appellant's remaining state claims without prejudice to their renewal in the state courts. See Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L. Ed.2d 442 (1970); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-727, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).[2]
 
 
 11
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Although the district court did not rule on an additional request, made by appellant in a post-trial memorandum, to amend his complaint to state a cause of action under Section 20(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(b) (1964), the same reasons relied upon by the district court in denying appellant's request to amend his complaint to state a cause of action under Section 16(c) would have warranted denial of this request
 
 
 [2]
 At an earlier stage of the proceeding Judge Cannella granted appellee Aylward's motion for summary judgment on the first cause of action, but retained jurisdiction over the second cause of action, relying on the doctrine of pendent jurisdiction. Rogers v. Valentine, 37 F.R.D. 231 (S.D.N.Y.1964). Appellant contends that Judge Cannella's decision established the "law of the case" and that the trial judge erred in reconsidering the issue of pendent jurisdiction. The trial judge, however, was not bound by Judge Cannella's prior determination, see Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912); Dictograph Products Co. v. Sonotone Corp., 230 F.2d 131, 134-136 (2d Cir.), petition for cert. dismissed, 352 U.S. 883, 77 S. Ct. 104, 1 L.Ed.2d 82 (1956), and he properly exercised his discretion in redetermining after trial that the federal court should not exercise pendent jurisdiction over the second cause of action. See United Mine Workers v. Gibbs, 383 U.S. 715, 726-727, 86 S.Ct. 1130 (1966); LeRoy v. Sabena Belgian World Airlines, 344 F.2d 266, 274 (2d Cir.), cert. denied, 382 U.S. 878, 86 S.Ct. 161, 15 L.Ed.2d 119 (1965)