**UNITED SHEEPLINED CLOTHING CO., Inc., Plaintiff,**

v.

**ARCTIC FUR CAP CORP., Defendant.**

United States District Court
S. D. New York.
Sept. 9, 1958.

Henry L. Burkitt, New York City, for plaintiff.

Bader & Bader, New York City, for defendant. I. Walton Bader, New York City, of counsel.

DAWSON, District Judge.

This is a motion for an order striking out the amended answer and counterclaim of the defendant and entering judgment by default for plaintiff, and for costs and expenses, including reasonable attorney's fees, for plaintiff. The motion is based on the failure of the defendant to appear on the date set for the taking of its deposition.

It appears that on June 24, 1958, Judge Palmieri entered an order which provided:

"Plaintiff's application to take defendant's deposition granted. Deposition to be completed in 90 days."

Thereafter, in accordance with this order, notice for the taking of defendant's deposition by the president of the defendant corporation was served by the plaintiff, with notice that the deposition would be taken on July 31, 1958. On the date set for the taking of the deposition the president of the defendant did not appear and his default was duly noted.

On the return of this motion defendant's attorney did not appear. However his client, the president of the defendant company, did appear. He admitted that he had not appeared on the date set for

the taking of his deposition and when asked why he had not appeared he stated that he had not been notified by his attorney that he was required to appear for the taking of the deposition. He stated that he was ready to have his deposition taken at any reasonable time. At the time of the argument of this motion I directed that the attorney for the defendant be directed by telephone to appear in the motion part. He finally appeared. He admitted that he had not notified his client of the time of the taking of the deposition. He stated that he had not appeared at the time set for the taking of the deposition, nor had he appeared on this motion, because of the fact that the defendant had told him it would not be able to pay him any fee, and he felt he did not wish to spend any time for which he would not be compensated.

Under these circumstances it would seem to be unfair to the defendant and improper to dismiss the answer and counterclaim and enter a default judgment against the defendant. Any such failure of the defendant to appear was due to the neglect of defendant's attorney rather than unwillingness on the part of the defendant to appear for the deposition. I directed that the deposition proceed on the following day and I am advised that the deposition has been proceeding since that time. So much of the motion as seeks an order striking out the amended answer and counterclaim of defendant, and entering judgment by default, is therefore denied.

We have here a situation, however, where the inexcusable failure of an attorney to notify his client of the date for the taking of a deposition and the inexcusable failure of the attorney to appear at that time has made it necessary for the plaintiff to bring on this motion, which entailed the preparation of the necessary motion papers and appearance in court on the argument of the motion. The Court therefore orders and directs that, as a condition of the denial of the motion made by the plaintiff to strike out the answer and enter judgment by de-

fault, I. Walton Bader, the attorney for the defendant who was guilty of this neglect of his professional duties, shall pay to the plaintiff, as and for the costs and expenses of this motion, the sum of $50, which the Court fixes as the reasonable expenses of plaintiff's attorney incurred in securing the appearance of the defendant for the taking of such deposition, including attorney's fees. So ordered.