Quillie B. WOODHAM, Appellant,

v.

The AMERICAN CYSTOSCOPE COMPA-
NY OF PELHAM, N. Y., and the XYZ
Corporation, Appellees.

No. 20788.

United States Court of Appeals
Fifth Circuit.

Aug. 3, 1964.

Gordon P. Williams, Richmond, Va. (Williams, Williams, Williams & Williams, Richmond, Va., on brief), for appellant Larry James Majerus.

Norman F. Slenker, Arlington, Va. (Duff & Slenker, Arlington, Va., on brief), for appellee.

Before BRYAN and BELL, Circuit Judges, and HEMPHILL, District Judge.

Jack Crenshaw, Sanford D. Weiss, Montgomery, Ala., for appellant.

Harry L. Greene, Burt DeRieux, Atlanta, Ga., for appellees.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and CARSWELL, District Judge.

WISDOM, Circuit Judge.

The question this appeal presents is whether dismissal of the complaint was a proper sanction for failure of the plaintiff's counsel to comply with a certain local rule of the district court.

The District Court for the Northern District of Georgia, under the authority of F.R.Civ.P. 83,[1] promulgated certain rules to govern its practice. The pertinent local rules do not conflict with the Federal Rules of Civil Procedure; at least, they do not conflict directly with the Federal Rules. On their face, the local rules seem reasonable; at least, they are reasonable in their application to lawyers admitted to practice in the district. The district judge to whom the case was assigned is an able, experienced judge with a reputation for fair-mindedness. The plaintiff's attorney is a lawyer of acknowledged high standing in Alabama and in the Fifth Circuit. In spite of all this, the local rules turned out to be a series of traps for the free-of-fault plaintiff. Her lawyer, who had not been admitted to practice in the Northern District of Georgia, was unaware of the district court's ground rules. Because of the failure of the plaintiff's lawyer to comply with the local rules, the district court dismissed the complaint. We reverse.

I.

The plaintiff alleges that she was painfully and severely injured March 14, 1962, when a defective catheter, manufactured by the defendant, The American Cystoscope Company, broke inside her person during an operation. March 13, 1964, the last day before the claim would have prescribed, the plaintiff, a resident of Alabama, sued the defendant, a New York Corporation, in the United States District Court for the Northern District of Georgia. The complaint states that the corporation was "doing business in the State of Georgia by and through its agent, servant, and employee, James E. Blankenship."

The first stumble in the case occurred when the United States Marshal served the complaint not upon the agent, Blankenship, but upon his wife. The defendant's counsel filed a "Motion to Quash the Service of the Summons." The motion was well taken, as the plaintiff's counsel has consistently conceded.

The defendant coupled its motion to quash with a "Motion to Dismiss the Complaint Pursuant to Rule 12(b)" for lack of jurisdiction. As required by Local Rule 21(a),[2] the defendant filed with its motion a brief of authorities and supporting affidavits. Local Rule 21 (a) also requires the plaintiff's counsel to file, within ten days, a response accompanied by a reply brief and counter-

---

1. F.R.Civ.P. 83.

"Rules by District Courts

"Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules."

2. Local Rule 21. "Motions, Briefs.

"(a) Counsel shall submit to the Clerk and serve on opposing counsel with all written motions a brief of authorities and, where allegations of fact are relied upon, affidavits in support thereof. Respondent's counsel shall within ten (10) days submit to the Clerk and serve upon counsel for movant a brief in opposition to the motion, together with any counter-affidavits desired. The Court thereon shall determine as soon as practicable whether or not oral argument is desired by the Court, or granted upon request of counsel, or whether the motion shall be disposed of by the Court without a hearing."

affidavits. Unfortunately for the plaintiff, her Alabama counsel had no knowledge of this rule. Nor did he know that Local Rule 1 required that he be admitted to practice in the district court and that he associate local counsel.[3] Since the motion raised an issue of fact, the plaintiff's counsel took no action, expecting that in due course he would be notified of the date of a hearing on the merits of the motion and that he would be granted leave to take depositions. To his surprise, without further ado, the district court dismissed the complaint. The court's order of April 26, in full, reads:

> "No response to defendant's motion to quash service of process and dismiss the complaint has been filed by plaintiff in accordance with Local Rule No. 21(a).
>
> "Therefore, defendant's motion to quash and dismiss is granted and the complaint is hereby dismissed."

As soon as the plaintiff's attorney learned of this action, he tried, unsuccessfully, to be admitted to practice in the district court. Then he associated an Atlanta attorney. May 1, 1963, the plaintiff's attorneys filed, jointly, a motion entitled, "Motion to Set Aside Order Dismissing the Case." This pleading recites, in part: "Plaintiff's attorneys, being unfamiliar with the rules of this Court, filed no responsive pleading after service of defendant's Motion to Quash, awaiting notice from the court as to the date set for the hearing thereon as is the practice in our local Federal Court." The motion concedes that the service was improper and requests that Blankenship, the defendant's agent, be served. May 24 the plaintiff filed an amendment to the Motion, adding the affidavit of the plaintiff's first counsel. June 12, 1963, the district court denied the motion. In its order, the court referred to the violation of *another* local rule, Rule 20(a)[4] as the "primary" reason for denying the motion:

> "This Court is denying the motion to set aside said Order of Dismissal, *primarily because of the continued violation by plaintiff's counsel of Local Rule 20(a) of this Court, which requires counsel to perfect service on defendants within sixty (60) days from the date of filing.* This action was filed March 13, 1963 and now almost ninety (90) days after that date service has not been perfected upon American Cystoscope Makers, Inc. (erroneously named by plaintiff as The American Cystoscope Company of Pelham, N. Y.)."

We observe, in passing, that the plaintiff's counsel could not perfect service until reinstatement of the complaint.[5]

---

3. Local Rule 1. "Attorneys.
   "(d) Permission to Practice in a Particular Case. Any member of good standing of the bar of any other Court of the United States who is not a resident of this District and does not maintain an office in this District for the practice of law, may be permitted to appear and participate in a particular case in this Court on motion to that effect, provided, however, such counsel shall designate associate counsel who is resident of this District and is admitted to practice at the bar of this Court, and the latter shall notify the Clerk, in writing, of this designation."

4. Local Rule 20. "Disposal of Cases Without Trial.
   "In these instances, and in other instances provided by law or Court Rules, the Court may, with or without notice to the parties, dismiss any case other than a criminal case for want of prosecution:
   "(a) When plaintiff shall in any case for more than sixty (60) days after filing suit *wilfully* fail or refuse to have defendants, or some of them, served with process within the time permitted by law, or shall *wilfully* fail or refuse to make ready the case, or cause same to be made ready, to be placed on the Trial Calendar." (Emphasis added.)

5. Local Rule 20(a) allows a dismissal for want of prosecution only after plaintiff has *"wilfully"* failed to serve defendants with process for sixty days. Nowhere in the record is there any indication of plaintiff's wilful failure. From the very beginning, only the Marshal's error kept process from being served. Even if the District Court could see a wilful failure

The court added:

"One reason advanced by plaintiff's counsel as to why no response was filed by plaintiff's counsel to the motion to dismiss is that *plaintiff's counsel was not familiar with Local Rule of this Court, being Rule 21(a) requiring responses to such motions, and also briefs to be filed within ten (10) days. Failure of plaintiff's counsel to know of such Rule evidently arises from the violation by plaintiff's counsel of still another Rule of this Court, to-wit, that local counsel should be joined in the complaint.* The complaint filed March 13, 1963, has named in it no attorney admitted to practice at the Bar of this Court, nor any local attorney so admitted. Not until May 13, 1963, sixty (60) days after the filing was any local counsel named of record by the plaintiff.

"It thus appears that two defendants were named, as to one, plaintiff not knowing the proper jurisdiction for suit,[6] and as to the other, naming an agent for service upon whom service has never been perfected; that a proper motion to dismiss with brief and affidavits were filed, but no counter-affidavits and brief were filed in response thereto; that *although the Rules of this Court require service to be perfected within sixty (60) days after the filing,* no service has now been perfected at a date almost ninety (90) days after said filing. For all these reasons this Court does not consider that plaintiff is in a position to move this Court to *overlook the various violations of the Rules of this Court,* and said case still stands DISMISSED."

The plaintiff filed a notice of appeal July 11, 1963. The notice states that the appeal is from the order of June 12, 1963.

## II.

The appellee contends that the order of June 12, denying the motion to set aside the dismissal and reinstate the case, is not an appealable order.

In relevant part, F.R.Civ.P. 60(b) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. * * * "

If the plaintiff's motion is within the ambit of Rule 60(b), the denial of the motion is a final, appealable judgment. In re Marachowsky Stores Co., 7 Cir. 1951, 188 F.2d 686, cert. den'd, 342 U.S. 822, 72 S.Ct. 41, 96 L.Ed. 622; Greenspahn v. Joseph E. Seagram & Sons, 2 Cir. 1951, 186 F.2d 616; and Cromelin v. Markwalter, 5 Cir. 1950, 181 F.2d 948. Undoubtedly, the plaintiff's unhappy plight was a product of "mistake, inadvertence, surprise, or [perhaps] excusable neglect". In determining whether to visit the sins of the attorney on the innocent party, however, the trial judge has wide latitude in the exercise of sound, judicial discretion. We need not struggle with that standard here, because we conclude that the plaintiff's motion

---

to perfect service after the Marshal's error came to light in defendant's motion of April 10, 1963, this period of wilful failure must have ended on April 26, 1963, when the complaint was dismissed. After this time there was no action pending for which process could be served. Local Rule 20(c) allows a dismissal for want of prosecution: "[w]here a case has been *pending in this Court for more than six (6) months*

*without any substantial proceedings of record* taken therein during such time, as shown by record, docket, or other manner." On the facts, this rule is also inapplicable.

6. The complaint joined as co-defendant, the XYZ Corporation, "a corporation whose name and place of organization is otherwise unknown to the plaintiff".

should be considered as a motion for reconsideration under Rule 59.[7]

Rule 59(e) deals with motions for a new trial and to alter judgments. Even before the rule was amended in 1946 by the addition of subsection (e), courts treated subsection (a)(2) as broad enough to include motions for reconsideration of orders finally disposing of actions before trial. Jusino v. Morales & Tio, 1 Cir. 1944, 139 F.2d 946. Since 1946, a motion for reconsideration, such as the motion for reinstatement here, clearly falls within subsection (e). Gainey v. Brotherhood of Railway & Steamship Clerks, etc., 3 Cir. 1962, 303 F.2d 716.

Orders dismissing motions under Rule 59 are not appealable. However, under F.R.Civ.P. 73,[8] such motions toll the thirty day time limit for appeals from final judgments. Here the motion to reinstate was filed May 1, well within the ten day limit, and the time for appeal began to run only after the denial of the motion on June 12, 1963. As Judge Hastie said in Gainey:

"Since the addition of subsection (e) the courts which have considered the problem seem to have experienced no difficulty in concluding that a motion for rehearing or reconsideration made within ten days after the entry of an appealable order is within the coverage of Rule 59 and, therefore, under Rule 73 terminates the running of an appeal time. Yates v. Behrend, 108 U.S.App.D.C. 56, 1960, 280 F.2d 64; Salmon v. City of Stuart, Florida, 5 Cir. 1952, 194 F.2d 1004. And see Notes of Advisory Committee on Rules, 28 U.S.C.A., Federal Rules of Civil Procedure, Rule 59. We ourselves have recently indicated that such is the case, although a somewhat different problem was before us. See Sleek v. J. C. Penney, 3 Cir. 1961, 292 F.2d 256, 257." 303 F.2d at 718.

In Gainey, as in the case before this court, the plaintiffs stated erroneously that they appealed from an order denying their motion for reconsideration of the original summary judgment of dismissal.[9] That order was rendered a year after the original order of dismissal. The motion for reconsideration, however, was filed within ten days after dismissal of the action. Supervening cir-

---

7. F.R.Civ.P. 59. "New Trials; Amendment of Judgments
   "(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues * * * (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. * * *
   "(b) Time for Motion. A motion for a new trial shall be served not later than 10 days after the entry of the judgment. * * *
   "(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

8. F.R.Civ.P. 73. "Appeal to a Court of Appeals
   "(a) When and How Taken. When an appeal is permitted by law from a district court to a court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from * * *. The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: * * * granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59.

9. December 14, 1960, the court granted the defendants' motion for a summary judgment and entered an order dismissing the action. December 21, 1960, the plaintiffs filed a "Motion to Reargue Motions to Dismiss. * * * *". After the argument on the post-judgment motion, but before he could decide it, the trial judge died. For this and other reasons, the motion was not disposed of for almost a year. December 1, 1961, after a second argument, the court entered an order that "the motion to reargue is

cumstances beyond the movants' control delayed disposition of the matter. The Third Circuit concluded that "technically the order of December 14, 1960, [the order of dismissal] remained the effective judgment". In "the circumstances * * * [the Court concluded to] treat the appeal as taken from the order of December 14, 1960." 303 F.2d at 718.

We reach a similar conclusion. Here, as in Gainey, "technically" the order of April 26, 1963, dismissing the complaint, remained the effective, appealable judgment. The undeniable object of the appeal is to overturn that judgment. The plaintiff's motion for reconsideration filed four days after entry of the order of dismissal stopped the running of appeal time. As in Gainey, the order appealed from was the order dismissing the complaint, unquestionably a final and appealable judgment.

### III.

■ On the merits of the order of dismissal of April 26, we hold that the district court, as a matter of law, erred in its construction of Local Rule 21(a).

We note first, that the court did not and could not, on the facts, base the dismissal on F.R.Civ.P. 41(b), dealing with dismissal for want of prosecution. There was no want of prosecution by the plaintiff or her attorney. Nor do we have a wilful violation of a court order and facts from which it could be inferred that the plaintiff had long been "deliberately proceeding in a dilatory fashion."

See Link v. Wabash R. R. Co., 1962, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734; Castlegate, Inc. v. National Tea Company, 1963, D.C., 34 F.R.D. 221; [10] Comment, Sanctions at Pre-Trial Stages, 72 Yale L.Jour. 819 (1963). Instead, the court based its April 26 judgment of dismissal solely on the Alabama attorney's noncompliance with Atlanta Local Rule 21(a).

Local Rule 21(a) contains no sanctions, no provision authorizing dismissal of a complaint for noncompliance. Cf. F.R.Civ.P. 37.[11] The effect of Local Rule 21(a), as construed below, is to allow dismissal of a complaint without notice, without a hearing, and without the court's reaching the merits of the defendant's motion to dismiss. In view of the district court's refusal to reconsider its decision, the Federal Rules offer no relief from the rigors of that construction of the local rule, even when the plaintiff is free from fault and when her non-resident attorney, in good faith, is in default only because of his lack of knowledge of the local rules.

Rather than adopt a construction leading to such a drastically punitive measure, we construe the rule as establishing merely an orderly and convenient method for apprizing the trial judge of the legal and factual issues. Should one of the parties be at fault in failing to file his brief and counter-affidavits, the trial judge would be justified in deciding the motion on the papers before him. That seems a proper sanction, when the at-

---

denied and the order of Judge Egan entered December 14, 1960, is adopted and reaffirmed in toto". December 26, 1961, the plaintiffs filed their notice of appeal, *stating that they appealed from the order of December 1, 1961.*

10. In Castlegate the court pointed out: "In Link v. Wabash Railroad Company * * *. It was made clear by the Supreme Court however, that the discretion is controlled and that the dismissal must be viewed in relation to other evidence bearing on whether the failure to attend the conference was deliberate or negligent. There the failure was neither deliberate nor negligent.

On the other hand, in the present case it is not to be concluded that the plaintiff or its counsel acted intentionally or negligently. Here there were efforts made to comply with the court's directions and the delays and failures were the result of inability to produce in accordance with the court orders or, in one instance, to the illness of counsel. The failure to appear at a scheduled pretrial was due to misapprehension." 34 F.R.D. at 225.

11. Rule 37 lists specific sanctions, varying in severity, to be imposed for noncompliance with discovery procedures.

torneys know or should be charged with knowing the rules. In an analogous situation, in an appeal before this Court, when an appellee is in default, the Court may choose not to hear him but invariably the Court will decide the case on the merits, on the record and briefs before it.[12]

In comparable situations, such as a party's failure to answer interrogatories or to attend a hearing, when the failure is caused by the attorney's neglect, courts have usually resorted to conditional orders of dismissal.[13] If this is not enough, courts may resort to disciplinary action against the erring attorney.[14] In Gamble v. Pope & Talbot, Inc., E.D.Pa. 1961, 191 F.Supp. 763; modified 3 Cir., 307 F.2d 729, cert. den'd 1962, 371 U.S. 888, 83 S.Ct. 187, 9 L.Ed.2d 123, a local rule, as in this case, required the timely filing of a pre-trial memorandum. The district court, unwilling to punish the plaintiff, imposed a fine on the neglectful attorney.[15]

Rule 1 of the Federal Rules of Civil Procedure is designed to temper the discretionary power of the district court: the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action". The force of this first and greatest of the Rules should not be blunted by district courts' exaggerating the importance of local rules and enforcing such rules through inappropriate, over-rigorous sanctions. In this case, the excellence of Local Rule 21(a), in general, and the convenience to the court of tailored local procedures, in general, do not justify the hardship of an innocent litigant's being deprived of her day in court.

We reverse the judgment dismissing the complaint. We direct that the complaint be reinstated without prejudice to the defendant's right to renew its motion to dismiss the complaint for lack of jurisdiction or for other reasons. We suggest that a hearing be held on the jurisdictional issue.

12. Rule 24 of the Fifth Circuit, dealing with briefs, provides, in part:
"5. When, according to this rule, an appellant is in default, the case may be dismissed on motion; and when an appellee is in default he will not be heard, except by request of the court.
"6. When no counsel appears for one of the parties and no printed brief or argument is filed, only one counsel will be heard for the adverse party; but if a printed brief or argument is filed, the adverse party will be entitled to be heard by two counsel."

13. Maresco v. Lambert, E.D.N.Y.1941, 2 F.R.D. 163; Dunn v. Pennsylvania R. R., N.D.Ohio 1951, 96 F.Supp. 597; United Sheeplined Clothing Co. v. Arctic Fur Cap Corp., S.D.N.Y.1958, 165 F. Supp. 193.

14. Allen v. United States, 16 Fed.Rules Serv. 37b, 21, case 1, E.D.Pa.1951; Osolin v. S. S. Colorado, N.D.Cal. July 7, 1958, 1 Fed.Rules Serv. 2d 37a.22, case 1; Austin Theatre, Inc. v. Warner Bros. Pictures, Inc., S.D.N.Y.1958, 22 F.R.D. 302; United Sheeplined Clothing Co. v. Arctic Fur Cap Corp., S.D.N.Y. 1958, 165 F.Supp. 193.

15. "Although the Third Circuit reversed, holding that a court has no power to fine an attorney who was neither held in contempt nor given a hearing, the lower court's reasoning retains its vitality: where the attorney is clearly at fault, the unoffending party should not suffer. Moreover, since the Supreme Court has not passed on the constitutional propriety of a fine in such circumstances, this measure is still available in other circuits. In addition, alternative modes of discipline against the attorney might include: (1) a reprimand by the court, (2) a finding of contempt, or (3) a prohibition against practicing for a limited time before the court whose order was neglected or disregarded. It seems fairly clear that the judicious use of such measures would tend to promote attorney compliance in the first instance." Comment, Sanctions at Pre-Trial Stages, 72 Yale L.Jour. 819, 830 (1963).