Steven **FLAKS** et al., Plaintiffs-Appellees,

v.

David I. **KOEGEL** and Flora Mir Candy Corporation, Defendants-Appellants.

No. 1135, Docket 74–1437.

United States Court of Appeals, Second Circuit.

Argued July 15, 1974.

Decided Sept. 25, 1974.

Harold B. Lawrence, New York City (Salon, Ortner, Yavers, Dershowitz & Raybin, New York City, Joseph Jackson, New York City, of counsel), for plaintiffs-appellees.

Clark J. Gurney, New York City (Roth Carlson & Spengler, New York City, Charles E. Matthews, Jr., William J. McSherry, Jr., New York City, of counsel), for defendants-appellants.

Before MULLIGAN, WINTER,* Circuit Judges and NEWMAN,** District Judge.

* Of the United States Circuit Court of Appeals, Fourth Circuit, sitting by designation.

** Of the United States District Court, District of Connecticut, sitting by designation.

MULLIGAN, Circuit Judge:

The eight named plaintiffs brought an action on May 8, 1972 in the United States District Court for the Southern District of New York charging the defendants with violations of sections 5 and 17(a) of the Securities Act of 1933, as amended (15 U.S.C. §§ 77e & 77q(a)), and section 10(b) of the Securities Exchange Act of 1934, as amended (15 U.S.C. § 78j(b)), as well as common law fraud and deceit. The plaintiffs alleged that in April, 1968 and various times thereafter, they were induced to purchase certain 5% convertible subordinated debentures of Flora Mir Candy Corporation (Flora Mir) by the false representations of the defendant David I. Koegel, who is the president and principal stockholder of Flora Mir, which is joined as a corporate defendant. The complaint alleged in substance that Koegel had misrepresented the financial condition of the company; allegedly, its assets and sales volume were substantially overstated and its liabilities were substantially understated. The complaint sought to recover $400,000 in damages plus interest, rescission and $400,000 in punitive damages. In their answer, the defendants denied the material allegations of the complaint and pleaded affirmative defenses, including the statute of limitations, laches, the exemption from registration of the securities under the 1933 Act and a provision in the purchase agreement by which the plaintiffs acknowledged that no inducements had been made to cause them to enter the agreement unless contained in the agreement or the debentures which were the subject of the sale. The issues in the case never reached trial. On August 22, 1973, the Hon. Morris E. Lasker, United States District Judge, entered an order striking the defendants' answer because of the failure of the defendants to respond fully to interrogatories which had been served and the failure of Koegel to appear at a deposition of David I. Koegel Enterprises, Inc., a corporation wholly owned by Koegel and his wife. The order also directed the clerk to enter a default judgment in the amount sought in the complaint, plus interest. A motion to vacate the default judgment under Fed.R.Civ.P. 60(b) was made on September 14, 1973 and was denied without a hearing in a memorandum and order dated January 25, 1974. Final judgment in the sum of $919,147.-50 was entered by the clerk of the court on January 28, 1974. There was no proof or hearing to ascertain damages. This appeal by the defendants followed. The denial of the motion to vacate is reversed and the case remanded for an evidentiary hearing in accordance with this opinion.

I

On June 20, and June 23, 1972, the plaintiffs served written interrogatories on Koegel and Flora Mir respectively. Each set consisted of 130 questions with numerous subquestions. (One set takes up 47 pages of the appendix.) When the interrogatories were not answered, plaintiffs moved on July 31, 1972 for an order to compel their answer. This motion was referred to United States Magistrate Gregory J. Potter, and thereafter an agreement was reached between the parties that the defendants would furnish responses by December 19, 1972. When sufficient responses were not forthcoming, the plaintiffs moved on January 4, 1973 to strike the answer of the defendants pursuant to Fed.R.Civ.P. 37(b)(2)(C) & (d).[1] The motion was

---

1. Rule 37(b) provides in pertinent part:
 (b) Failure to comply with order.

 . . . . .

 (2) Sanctions by court in which action is pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

 . . . . .

 (C) An order striking out pleadings or parts thereof, or staying further proceed-

then referred to United States Magistrate Gerard L. Goettel, who held hearings on February 23, 1973 and April 17, 1973, resulting in the service of answers and supplemental answers which plaintiffs' counsel still deemed inadequate. In a Report and Recommendation dated May 22, 1973, Magistrate Goettel found that the defendants had failed to adequately explain the absence of pertinent books and records which were alleged to be necessary to respond completely. He stated: "Should depositions (or other discovery) establish that the defendants' failure to obtain the records and supply responsive answers to the interrogatories has been willful, the conduct of the defendants can be dealt with at that time." He found that the answers to four items, questions 20(a), (b) and (c), 38, 45(b) and 66(b), were inadequate and recommended that an order be entered providing for the striking of the answer unless these items were answered within 20 days after the date of the court's order. In view of the amount of time and effort expended by plaintiffs on motions to have the interrogatories answered, the Magistrate recommended that the court assess attorneys' fees in

the amount of $1,000 against defendants. Although expressly making no finding as to willfulness, the report did comment that the defendants were not cooperating with their own counsel.

On June 7, 1973, an adjourned examination before trial of David I. Koegel Enterprises, Inc. was scheduled to take place in the office of counsel for the plaintiffs. This corporation, wholly owned by Koegel and his wife, was alleged to be a device utilized by Koegel to further the deception practiced upon the plaintiffs. Koegel, who was to be deposed on behalf of the corporation, failed to appear. Instead Koegel's counsel delivered a letter to plaintiffs' counsel indicating that his law firm was withdrawing as of that date as counsel to the defendants. The letter contained a request that the examination be adjourned until new counsel was substituted. The adjournment was refused by counsel for plaintiffs.

On June 13, 1973, the plaintiffs made a motion, returnable on June 27, 1973, for an order pursuant to Rule 37(d) and Rule 37(b)(2)(C) striking the answer and rendering judgment by default.[2]

ings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party

. . . .

Rule 37(d) provides as follows:

(d) Failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).

2. Rule 37(b)(2)(C) permits a court to strike a pleading if a party fails to obey an order of the court to provide discovery. Rule 37(d) allows a court to impose the same sanction whenever a party fails to appear at a scheduled deposition or to serve answers to interrogatories. See footnote 1 *supra.* Subsection (d) does not require as preconditions to the striking of an answer that a court order be entered imposing a duty to appear at a deposition

The affidavit accompanying the notice of motion recited the history of the litigation up to June 13, but primarily relied upon the recommendations of Magistrate Goettel's report of May 22nd and the failure of Koegel to appear for the June 7th examination.

On June 14, 1973, defendants' counsel filed a motion for an order permitting them to withdraw as counsel. On June 21st, Judge Lasker, without a hearing, entered an order which confirmed the Magistrate's report and ordered the answer stricken unless responses to the four items in issue were provided within 20 days. Attorneys' fees of $1,000 payable to the plaintiffs were also assessed against the defendants.

On July 25, 1973, Judge Lasker granted the motion of defendants' counsel to be relieved, noting that no opposing papers had been filed although the notice of motion had been served upon defendants, and that the Judge had personally written a letter to Koegel on June 28, 1973 advising him of his perilous situation. Judge Lasker, at a conference in chambers, further advised Koegel's personal attorney, who represented the defendants there although he had not been retained in this matter, that the court was prepared to act on the plaintiffs' motion to strike and to enter a default on July 27, 1973.

On August 2nd, the motion to strike the answer was granted, the district court judge noting in the endorsement that the defendants had been given adequate time to find new counsel but had failed to do so. An order was directed to be submitted on notice to defendants or any counsel who might appear for defendants. No response to the order was made, and on August 22, 1973 an order was entered by Judge Lasker striking the answer and directing the clerk of the court to enter judgment for the sums demanded in the complaint with interest. This appeal from the default judgment and the denial of the subsequent Rule 60(b) motion to vacate followed.

II

■ Before discussing the question of whether or not any default judgment was appropriate, we should make clear that the particular judgment entered here must be vacated. The *ad damnum* clause did seek the sum of $400,000 in punitive damages, and this amount was included in the default judgment entered. It is well established that an award for punitive damages is not permissible for violations either of section 10(b) of the 1934 Act, Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969), or of section 17(a) of the 1933 Act, Globus v. Law Research Serv., Inc., 418 F.2d 1276 (2d Cir. 1969), cert. denied, 397 U.S. 913, 90 S. Ct. 913, 25 L.Ed.2d 93 (1970). However, the plaintiffs have also claimed common law fraud, and it would appear that punitive damages are permissible

---

or to respond to interrogatories and that the order be disobeyed, in contrast with subsection (b). However, the reference in subsection (d) to a failure to respond to interrogatories does not cover the submission of some but not all answers, or the submission of all answers, some of which are inadequate. Rather, it contemplates only a serious or total failure to respond. The insufficient submissions just mentioned are to be remedied by an application to the court for an order compelling complete discovery. 8C. Wright & A. Miller, Federal Practice & Procedure § 2291, at 809–10 (1970). If that order is disobeyed, the sanctions of subsection (b) then apply.

In this case, subsection (d) clearly applied to the failure of Koegel to appear at the June 7th deposition. It would appear that the failure of the defendants to respond to four items in the interrogatories was not covered by subsection (d) in light of the limitations on that subsection just mentioned. However, subsection (b) was applicable once defendants' failed to obey the court order which subsection (b) requires, here the order of June 21st. While the appropriate remedial provisions were therefore invoked in this case, the question still remains whether or not the ultimate sanction was justified on the facts presented.

on this pendent claim. Coffee v. Permian Corp., 474 F.2d 1040, 1044–1045 (5th Cir.), cert. denied, 412 U.S. 920, 93 S.Ct. 2736, 37 L.Ed.2d 146 (1973); Young v. Taylor, 466 F.2d 1329, 1337–1338 (10th Cir. 1972); Burkhart v. Allson Realty Trust, 363 F.Supp. 1286, 1290–1291 (N. D.Ill.1973); In re Caesars Palace Sec. Litigation, 360 F.Supp. 366, 393–394 (S.D.N.Y.1973); Gann v. Bernzomatic Corp., 262 F.Supp. 301, 304 (S.D.N.Y. 1966); VI L. Loss, Securities Regulation 3781–3783 (Supp.1969); Hirsch & Lewis. Punitive Damage Awards Under the Federal Securities Acts, 47 Notre Dame Law. 72, 79 (1971); Note, Measurement of Damages in Private Actions Under Rule 10b–5, 1968 Wash. U.L.Q. 165, 168 n. 20.

■ While punitive damages are recoverable, it is evident that their amount cannot be fixed without an evidentiary hearing. An award of punitive damages is not a matter of right but is within the discretion of the trier of the facts and will depend upon the degree of wanton and willful conduct of the defendant. Globus v. Law Research Serv., Inc., 287 F.Supp. 188, 192 (S.D.N.Y. 1968), aff'd in part and rev'd in part, 418 F.2d 1276 (2d Cir. 1969), cert. denied, 397 U.S. 913, 90 S.Ct. 913, 25 L. Ed.2d 93 (1970). But here, there has been no trial of the facts and therefore no basis for determining how egregious or opprobrious that conduct has been. While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation. Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69–70 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973); Davis v. National Mortgage Corp., 320 F.2d 90, 91–92 (2d Cir. 1963); 6 J. Moore, Federal Practice ¶ 55.07 (2d ed. 1974) and cases cited. See also Fed.R.Civ.P.

8(d). Punitive damages are clearly not liquidated or computable and there is no basis at all here to award the amount set forth in the complaint. See Bass v. Hoagland, 172 F.2d 205, 209 (5th Cir.), cert. denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949). The plaintiffs are really not requesting compensatory damages but rather rescission and are simply seeking the recovery of the amounts paid for their stock. This is an appropriate remedy under sections 10(b) and 17, Chris-Craft Indus., Inc. v. Piper Aircraft Corp., 480 F.2d 341, 391 (2d Cir.), cert. denied, 414 U.S. 910, 94 S.Ct. 232, 38 L.Ed.2d 148 (1973). We assume that the plaintiffs will tender back the securities obtained and therefore that no determination of their value, if any, is necessary. The determination of the amount paid by the plaintiffs for the securities is easily made and presents none of the difficulties provoked by the punitive damage question herein discussed.

### III

■ A more difficult question remains. Did the district court abuse its discretion in striking the answer and directing the entry of the default judgment? There is no doubt but that the sanction of judgment by default, although most severe, is within the discretion of the trial judge. Trans World Airlines, Inc. v. Hughes, 332 F.2d 602, 614 (2d Cir. 1964); Gill v. Stolow, 240 F.2d 669, 670 (2d Cir. 1957); 8 C. Wright & A. Miller, Federal Practice & Procedure § 2284 (1970). The appellees urge now that, in exercising its discretion, the district court need not have found that the conduct of the defendants was willful, and that, in any event, there was enough in the record before the court to demonstrate that the defendants acted willfully and that no evidentiary hearing on this issue was necessary. The appellees do concede, however, that such a hearing would possibly have been advantageous to the court.[3]

---

3. Appellees state in their brief on this appeal:

If the Rule presently required . . . a showing [of willfulness], then a hearing

■ The argument that *willful* refusal to obey an order to respond to interrogatories or to appear for a deposition is not a necessary prerequisite to the imposition of any sanction under Rule 37 is premised on the position that the 1970 amendments to Rule 37 eliminated from the Rule the term "willful," which had previously been employed to characterize the conduct which would trigger the sanctions of the Rule.[4] We do not accept this argument. The 1970 amendments were intended to authorize the court, where it deemed appropriate, to impose more flexible and softer sanctions for Rule 37 violations than theretofore provided. However, there was no intent to eliminate the willfulness element when the harsh sanction of the dismissal of a complaint or the striking of an answer was ordered. This is made clear in the note of the Advisory Committee on the Rules. The Committee stated:

Two related changes are made in subdivision (d): the permissible sanctions are broadened to include such orders "as are just"; and the requirement that the failure to appear or respond be "wilful" is eliminated. Although Rule 37(d) in terms provides for only three sanctions, all rather severe, the courts have interpreted it as permitting softer sanctions than those which it sets forth. . . . The rule is changed to provide the greater flexibility as to sanctions which the cases show is needed.

The resulting flexibility as to sanctions eliminates any need to retain the requirement that the failure to appear or respond be "wilful." . . . "Wilfullness" continues to play a role, along with various other factors, in the choice of sanctions. Thus, the scheme conforms to Rule 37(b) as construed by the Supreme Court in Societe Internationale v. Rogers, 357 U. S. 197, 208 [78 S.Ct. 1087, 2 L.Ed.2d 1255] (1958).

Notes of Advisory Committee on Rules, 28 U.S.C.A. Rule 37, at 45, 47 (Supp. 1974) (citations omitted).

There is no question but that dismissal of a pleading is the most drastic sanction provided by the Rule. Judge Sterry Waterman has commented:

If the cause has not gone to trial and it is before a Court of Appeals following an order of dismissal, or a contempt conviction, the reviewing court, before affirming the use of these drastic sanctions permissible under Rule 37, will scrutinize the situation out of which the sanction order arose. The contempt sanction, though wicked-sounding, is not nearly as drastic a sanction as dismissal. It only leads to a fine or a possible jail sentence—its use does not result in the termination of a litigant's cause of action.

An Appellate Judge's Approach When Reviewing District Court Sanctions Imposed for the Purpose of Insuring Complaince with Pretrial Orders, 29 F.R.D. 420, 423 (1962).

The Rule has constitutional limitations which were noted in Mr. Justice Harlan's opinion for the Court in Societe Internationale v. Rogers, 357 U.S.

---

possibly would have been advantageous to the court in order to observe the demeanor of the defendant and to determine whether his default has been willful or not. But with the removal of this requirement from Rule 37, there was no need for yet another hearing and there was more than enough before Judge Lasker . . . to enable him to make a decision.

4. Prior to the 1970 revision, Rule 37(d) provided as follows:

(d) Failure of Party to Attend or Serve Answers. If a party or an officer or managing agent of a party *wilfully* fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party.
(emphasis added.)

197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958), in which he stated:

> The provisions of Rule 37 which are here involved must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law, and more particularly against the opinions of this Court in Hovey v. Elliott, 167 U.S. 409 [17 S.Ct. 841, 42 L.Ed. 215] and Hammond Packing Co. v. Arkansas, 212 U.S. 322 [29 S.Ct. 370, 53 L.Ed. 530]. These decisions establish that there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause. The authors of Rule 37 were well aware of these constitutional considerations. See Notes of Advisory Committee on Rules, Rule 37, 28 U.S.C. (1952 ed.), p. 4325.

On the record before it, the Court decided

> that Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner.

357 U.S. at 212, 78 S.Ct. at 1096 (footnote omitted).[5]

[8] We conclude that the challenged order below is only sustainable if it has been demonstrated that the defendants' failure to comply was in fact due to willfulness, bad faith or fault and not to an inability to comply. Societe Internationale v. Rogers, *supra*, 357 U.S. at 212, 78

S.Ct. 1087; Dorsey v. Academy Moving & Storage, Inc., 423 F.2d 858, 860 (5th Cir. 1970); 4A. J. Moore, Federal Practice ¶ 37.05, at 37–95 (2d ed. 1973); 8C. Wright & A. Miller, *supra*, § 2284, at 766

■ The record before us reveals a prolonged and bitter pretrial controversy ranging over an 18-month period. The following stages emerge as crucial. On June 21st, the district court issued the order which was, in effect, a confirmation of the report of Magistrate Goettel, in which he had recommended that the answer be stricken unless the defendants supplied responses to the four items omitted from the lengthy list of questions propounded by the plaintiffs. It is noted again that the report, although finding a failure on the part of the defendants to cooperate with their own counsel, specifically deferred the question of willfulness to a later date. The report, standing alone, would therefore not support a finding of any deliberate refusal to respond to interrogatories which would justify the sanction imposed. Koegel never made a personal appearance before the Magistrate from which the latter might have been able to derive a conclusion that Koegel was acting willfully in failing to respond to the interrogatories. By the time the June 21st order was entered, Koegel's counsel had sought permission to be relieved. There is nothing in the record to support any finding of willfulness prior to June 21st.

After the June 21st order, the scenario becomes more complex. On June 27th, Judge Lasker held a conference in his chambers which was attended by Koegel's original but estranged counsel, Koegel's personal counsel, who appeared

---

5. Societe Internationale v. Rogers dealt with the imposition of a sanction under subsection (b) of Rule 37. However, the restrictions imposed upon courts by this case clearly extend to the entire Rule, as the language quoted above indicates. Thus, when the Advisory Committee on the Rules, in discussing the revised subsection (d), stated that the scheme of the subsection "conforms to Rule 37(b) as construed by the Supreme Court" in *Societe*, it obviously intended to indicate that the willfulness required by that case as a prerequisite to the imposition of the ultimate sanction of striking a pleading must be found before that sanction could be imposed under subsection (d). See 8C. Wright & A. Miller, Federal Practice & Procedure § 2291, at 811–13 (1970).

on his behalf although not retained to represent him in this action, and counsel for the plaintiffs. On June 28th, Judge Lasker wrote to Koegel advising him of the conference and that he had two matters pending before him which affected Koegel personally: the motion to strike the answer and enter a default judgment, as well as the motion by his counsel to withdraw. The letter advised Koegel that the judge had deferred the return date of the June 13th motion until July 27th; he noted that he was aware that Koegel would be abroad until July 17th. The trial judge gave Koegel until July 20th to supply an *affidavit* in relation to the motion of counsel to withdraw and further stated that, barring strong evidence in the affidavit, the motion would be granted. On the assumption that the motion would be granted, he instructed Koegel to take steps to retain counsel on the motion to strike. He further stated that, after July 27, 1973, he would be prepared to forthwith determine the motion to strike "regardless of whether any attorney has appeared on your behalf."

The only response received by Judge Lasker was a letter from Koegel's personal attorney dated July 19, 1973 to the effect that he had discussed the matter with Koegel on July 17th on his return to America, and that Koegel's financial position was such that he was unable to retain counsel "on such short notice." With respect to the interrogatories, Koegel's stance was that his former attorneys had already received enough records to respond, and that, since Flora Mir was in a Chapter XI proceeding, most if not all of the information sought was a matter of record. With respect to the examination, Koegel's view was that he had been ready to appear but that the date had been frequently adjourned, and that he was never given sufficient notice of adjourned dates. The letter concluded with a request for a hearing so that Koegel might testify and prove his arguments by documentary evidence.

On August 2nd, the motion by plaintiffs to strike the answer was granted and the order of August 22nd followed. No appearance by defendants was made either on the motion or in the interim period before the order issued.

■ The appellants now claim that the August 22nd order constituted an abuse of discretion since Judge Lasker's order made no explicit finding that the conduct of the defendants was willful and further failed to find that the interrogatories in question were in fact material to the merits of the litigation. We consider the materiality question to be frivolous. The posture of the defendants has continually been, not that the interrogatories were irrelevant, but either that counsel had been supplied with the information necessary to answer them, or that more time was needed to respond. Since the interrogatories relate to financial transactions between Flora Mir and Koegel and between Flora Mir and its subsidiaries, and in view of the wide-ranging charges in the complaint, it would be difficult to conceive how they were not pertinent. The argument was not strongly urged below and on appeal it is gossamer.

■ The willfulness argument, however, has more substance. There was no articulation in the August 22nd order of a standard of willfulness and no finding that the defendants had acted willfully. The order was based, not on evidence produced at a hearing, but rather on the affidavits of counsel for the plaintiffs, as well as the failure of the defendants to comply with the June 21st order, or to respond to the motion, and the failure of Koegel to appear for the June 7th examination.[6]

6. Appellants argue on this appeal that no sanctions could be imposed under Rule 37 with respect to the failure of Koegel to appear at the deposition of Koegel Enterprises. Rule 37(d) provides that a court may strike a pleading of a party to the case if the "party . . . fails (1) to appear before the officer who is to take his deposition . . . ." The contention is made that since the deposition of June 7th was to be

Although it is not possible to determine what standard the court employed, the record before the judge was one of seeming callousness and intransigence on the part of Koegel. The court's letter of June 28th instructing Koegel to respond by affidavit before July 20th was not even given to Koegel until July 17th, and the response was a letter from private counsel but no affidavit from Koegel. No appearances had been made and judicial patience and forbearance were understandably exhausted. On the other hand, Koegel had requested a hearing, the court had relieved his counsel and knew of his problems in obtaining new counsel, the default judgment to be entered was substantial and the four interrogatories left unanswered were limited compared to the large number proposed.

We need not agonize over this because the terminal stage of the pretrial skirmish provides a clear case of judicial abuse of discretion which warrants reversal and remand.

## IV

Defendants finally did retain new counsel, who filed a notice of appearance dated August 16, 1973, and on September 14th they moved under Fed.R.Civ.P. 60(b) to vacate the order of August 22, 1973. The moving papers on this motion included an affidavit of Koegel in which he swore to the following:

1) That he did not receive the court's letter of June 28th nor was he aware of its contents until he returned to the United States from South America on July 17, 1973; that thereafter he made continuing efforts to retain counsel, but that the attorneys whom he contacted were discouraged by his prior counsel from representing him.

2) That he was never served with the court's order of June 21, 1973 directing further answers to the four items and was never made aware of the contents of such order until after retention of new counsel in late August, 1973; that previous counsel had been given sufficient material to answer the four items, including all the books and records of Flora Mir pertaining to its relationship with David I. Koegel Enterprises, Inc.; that previous counsel had asserted an attorney's lien on the records and had refused to turn them over to his present counsel.

3) That he was prepared to attend the deposition of David I. Koegel Enterprises, Inc. on the date set for the original examination but was advised that it had been adjourned and was never notified to appear on any subsequent date.[7]

In addition to the affidavit of Koegel, his former counsel also submitted an af-

---

the deposition of Koegel Enterprises, which is not a party to this case, subsection (d) does not apply. It is true that Koegel, a party, failed to appear at the deposition of Koegel Enterprises, a non-party. However, it is clear that Koegel Enterprises was the alter ego of Koegel. The answers of the defendants to the interrogatories revealed that Koegel and his wife were the officers, directors and sole stockholders of Koegel Enterprises. Plaintiffs' counsel, in his affidavit accompanying the motion to strike of June 13, 1973, stated that counsel for defendants had informed him that Koegel was the manager of the affairs of Koegel Enterprises and the only person who could testify regarding its business transactions. At her deposition, Mrs. Koegel apparently affirmed this position. The record reveals that the parties to this case acted throughout upon the assumption that Koegel Enterprises was the alter ego of Koegel himself. Under the circumstances, we believe that the failure of Koe-

gel to appear at the deposition of June 7th, not because he disputed the position that only he could testify with respect to the affairs of Koegel Enterprises but because he was allegedly never informed that the deposition was to take place, did fall within Rule 37(d). In light of the virtual identity of interest between Koegel and Koegel Enterprises and Koegel's position of complete control over the corporation, the failure of Koegel Enterprises to appear at the deposition could properly be considered to be the failure of the party Koegel to appear at his deposition. See International Controls Corp. v. Vesco, 490 F.2d 1334, 1349–1351 (2d Cir.), cert. denied, 94 S.Ct. 2644, 41 L.Ed.2d 236, 94 S.Ct. 2644 (1974); cf. Foreign Credit Corp. v. Aetna Cas. & Sur. Co., 276 F.Supp. 791, 794 (S.D.N.Y.1967); Erone Corp. v. Skouras Theatres Corp., 22 F.R.D. 494, 498 (S.D.N.Y.1958).

7. It should be observed that the notice to take the deposition of David I. Koegel En-

fidavit on the motion as amicus curiae. In view of the strained relationship which existed between them, this affidavit is, in our view, particularly significant. While it does recite the repeated unfruitful efforts of counsel to secure Koegel's cooperation in obtaining the answers to the interrogatories, the affidavit does not directly state that Koegel was made aware of either the June 21st order or the adjourned examination of June 7th. The deponent further admits the assertion of an attorney's lien on Koegel's books and records until present counsel had arranged payment for services. There is an emphatic denial that prospective counsel were discouraged from appearing on behalf of Koegel, but also an admission that two or three telephone calls had been received from attorneys whom Koegel had contacted. In fact, the affidavit alleges that there are meritorious defenses to the action and that inquiring counsel were so advised, and the court below was urged to permit Koegel, with new counsel, to try the case on the merits. Moreover, the affidavit states:

> Deponent believes that Mr. Koegel tried in good faith to furnish the requisite information. However, his files are in such disarray and he has been involved in so many complicated transactions that it was difficult, if not impossible, for him to fully satisfy the plaintiffs' attorneys.

Judge Lasker, without any hearing, denied the Rule 60(b) motion to vacate by an order dated January 25, 1974, in which he concluded that the defendants' repeated failures to cooperate in plaintiffs' requests for discovery failed to demonstrate "the good faith effort contemplated by the Federal Rules."

 The affidavits submitted by Koegel personally, by his new counsel and by his former counsel created, in our view, material issues of fact which could not have been properly resolved without an evidentiary hearing. As Chief Judge Kaufman indicated in Dopp v. Franklin National Bank, 461 F.2d 873, 879 (2d Cir. 1972), generally a judge should not resolve factual disputes on affidavits or depositions, for then he is merely showing a preference for " 'one piece of paper to another'." This is particularly true here where the motion sought to be vacated under Rule 37 involved the dismissal of an answer and the entry of a default judgment in a large sum in an action in which it has been urged by both old and new counsel that meritorious defenses exist. As we have previously indicated, due process constitutional considerations underlie Rule 37 dispositions. We consider the failure of the court here to conduct an evidentiary hearing in order to determine the question of defendants' willfulness an abuse of discretion.

It is true that Koegel had repeatedly failed to respond or to appear, but the papers before the court on the Rule 60(b) motion for the first time, in affidavit form, presented the other side of the story. Prior to this point, the plaintiffs' efforts to procure an examination of Koegel Enterprises or a response to interrogatories had been portrayed to be as arduous as Hercules' pursuit of the Erymanthian boar or the Lernaean hydra. The affidavits then before the court depicted Koegel as a victim of the neglect of disaffected counsel, unaware of the crucial orders we have recounted, ready and able to comply and also seeking an evidentiary hearing to establish his bona fides. If counsel rather than the client were at fault and if serious efforts to obtain new counsel had been made under the handicaps described, then the order entering the default judgment was an abuse of discretion. See Vindigni v. Meyer, 441 F.2d 376 (2d Cir. 1971); Patterson v. C.I.T.

---

terprises, Inc. dated April 10, 1973 contains an indication that the notice was sent to both defendants' original counsel and the offices of Koegel Enterprises. However, the deposition, scheduled under the April 10th notice for May 15, was adjourned to June 7 by a stipulation which was signed only by the attorneys for the plaintiffs and defendants. There is no indication on the face of the stipulation that a copy of it was ever sent to Koegel personally or to Koegel Enterprises.

Corp., .352 F.2d 333 (10th Cir. 1965); United Sheeplined Clothing Co. v. Arctic Fur Cap Corp., 165 F.Supp. 193 (S.D.N.Y.1958). See also Dorsey v. Academy Moving & Storage Co., *supra*; Von Der Heydt v. Rogers, 102 U.S.App.D.C. 114, 251 F.2d 17 (1958) *(per curiam)*. The matter could not be determined on the basis of conflicting and competing affidavits. We are in no better or worse position than the district court was in the absence of the evidence which a hearing could produce to determine whether or not Koegel's claims were credible. This position is not sufficiently secure to support the drastic action taken.

We are persuaded that the proper resolution is to reverse the order denying the Rule 60(b) motion and remand for an evidentiary hearing so that appropriate findings may be made consonant with the due process standards we have discussed. In the event that the court adheres to its initial conclusion and does not direct the action to proceed on the merits, then the default judgment to be entered must be consistent with Part II of this opinion.

Reversed and remanded.