[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11434

Non-Argument Calendar

_____

LISA REMBERT,

Plaintiff-Appellant,

*versus*

DUNMAR ESTATES, DUNMAR ESTATES HOMEOWNER'S ASSOCIATION; FERDINANDSEN ENTERPRISES, INC., D/B/A/ WORLD OF HOMES; EMPIRE MANAGEMENT GROUP, INC.; CITY OF WINTER SPRINGS; CITY OF WINTER SPRINGS CODE ENFORCEMENT BOARD,

Defendant-Appellees.

_____

2                    Opinion of the Court                    23-11434

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-c-00877-CEM-LHP

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Lisa Rembert appeals from the district court's sua sponte order dismissing her case without prejudice for failure to file a notice of pendency of other actions and disclosure statement and the district court's order denying her motion for reconsideration. Rembert seeks equitable relief from what she argues was an "arbitrary dismissal" of her case. After careful consideration, we affirm the district court's dismissal.

**I**

Lisa Rembert first filed a lawsuit against the defendants in early 2022. That case was dismissed without prejudice by the district court because Rembert failed to comply with a local rule that required her to file a certificate of interested persons and corporate disclosure statement. Rembert appealed the dismissal, and we affirmed. *Rembert v. Dunmar Estates*, No. 22-11526, 2022 WL 17986207 (11th Cir. Dec. 29, 2022).

While her first appeal was pending, Rembert filed the case now before us, raising substantially similar claims.

Four days after she filed this lawsuit, the district court issued an initial order regarding case management and deadlines. In

relevant part, the order required each party to comply "with Local Rule 1.07(c) and file a Notice of Pendency of Other Actions in the form on Judge Mendoza's pages on the Middle District of Florida website."  The district court also separately issued a "notice to counsel and parties" stating that "[f]ailure to comply with any local rules or court orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice."

On the same day, Rembert filed a "Notice of Compliance," in which she certified that she "conducted a due diligence review of the court website" and had "filed her Certificate of Interested Persons & Corporate Disclosure Statement in conformity therewith."  The notice was an attempt to "avoid further miscommunication and conflict."  Rembert did not file any notice of related actions.  Over the next few months, defendants in this case filed their notices of related actions per Local Rule 1.07(c).

Ten months after its initial case management order, the district court, upon sua sponte review of the case file, dismissed the case without prejudice due to Rembert's failure to file her "Notice of Pendency of Other Actions and Disclosure Statement."  Rembert moved for reconsideration of the Order.  The district court issued its order denying the motion for reconsideration.  This appeal followed.

On appeal, Rembert argues that the district court abused its discretion by dismissing her case for violating a local rule.

**II**

Rule 41(b) of the Federal Rules of Civil Procedure governs involuntary dismissals of federal cases.  In general, involuntary dismissals of complaints without prejudice are final, appealable orders. *Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993).  We review these dismissals for abuse of discretion. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017).  Though "dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Rembert does not contest that she failed to meet the requirements of the local rule or the court's order.  Rather, she argues that there was no justification for the sanction of dismissal.  But we have "upheld *sua sponte* dismissals" for "failure to comply with court orders" in the past. *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.,* 695 F.2d 524, 526 (11th Cir. 1983).

Rembert cites as controlling authority *Woodham v. American Cytoscope Co. of Pelham, N.Y.*, where the court held that failure to comply with a local rule did not warrant dismissal of a complaint. 335 F.2d 551, 552 (5th Cir. 1964).[1]  In *Woodham*, the court determined that dismissal was too harsh a sanction when an out-of-town lawyer failed to comply with the strictures of a local rule. *Id.* at 556.  That case is distinguishable from the facts here because, as we

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

pointed out before, the out-of-town lawyer there was "unaware of" the local rules. *Id.* at 552; *Rembert*, No. 22-11526, at *1.

Here, however, Rembert's brief concedes that her counsel knew of Local Rule 1.07(c) and does not allege any lack of knowledge of the docket entry explaining the consequences of violating Local Rule 1.07(c). But she argues that her "notice of compliance," filed after the initial case management order, showed a "good faith" belief of compliance and an "apparent lack of awareness" that she had not met the requirements of Local Rule 1.07(c). Rembert also argues that because "most of the local judges . . . do not enforce Local Rule[] 1.07(c) in the same, stringent manner" as the judge did here, the district court had no justification for dismissing the case. There was, according to Rembert, "no evidence of a failure to prosecute or of a repeated refusal to follow the court's orders."

None of these arguments persuades us. "It was not an abuse of discretion to dismiss . . . due to plaintiff's 'personal inattention to this case.'" *Rembert*, 2022 WL 17986207 at *1 (quoting *Martin-Trigona*, 627 F.2d at 682). Rembert was on notice of the local rule when the district court issued its case management order, and she was also made aware that violations of the local rules could be cause for sua sponte dismissal in the district court's subsequent order. The district court here did not abuse its discretion by entering an order of dismissal without additional warning to Rembert or her counsel. Because we have in the past declined to "serve as *de facto* counsel" even for pro se plaintiffs in similar contexts, we decline to

require the district court to do so here for Rembert or her counsel. *Campbell v. Air Jam. Ltd.,* 760 F.2d 1165, 1168–69 (11th Cir. 2014). It is within the power of a district court to dismiss cases if a party fails to comply with a court order, and Rembert has failed to show why dismissal was improper here. *See* Fed R. Civ P. 41(b); *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005).[2]

★    ★    ★

Because the district court did not abuse its discretion by dismissing Rembert's claim without prejudice for failure to comply with court orders, we **AFFIRM**.

---

[2] Rembert also argues that, due to the nature of the complaint, "an unfair, biased district court judge could utilize the local rules of procedure" to dismiss her case. Rembert has presented no evidence of this in her brief, nor have we found any upon review of the record. Therefore, we do not address this issue.